**CV 16       171**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOHNSON, J.
LEVY, M.J.

------------------------------------------------------------------X

JEMAL EARLE,

                          Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
ANTHONY RIVELLI, POLICE OFFICER DAVID
PEREZ, and POLICE OFFICERS JOHN and JANE DOE
NOS. 1 through 10, whose identities are unknown, except
to the extent that they are employees of THE CITY OF
NEW YORK, and/or members or personnel of the Police
Department of THE CITY OF NEW YORK,

                          Defendants.

Civil Action No.:

**COMPLAINT**

------------------------------------------------------------------X

       Plaintiff JEMAL EARLE, by his attorney, THE LAW OFFICE OF JEFFREY I WEINER, complaining of the defendants herein, respectfully alleges the following upon information and belief:

**PRELIMINARY STATEMENT**

       1.      This is an action for monetary damages, (nominal, compensatory and punitive), as a result of violations of Civil Rights under the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and under Federal Law, particularly Title 42 of The United States Code, Sections 1981, 1983, and 1988, against THE CITY OF NEW YORK, POLICE OFFICER ANTHONY RIVELLI, POLICE OFFICER DAVID PEREZ, and POLICE OFFICERS JOHN and JANE DOE NOS. 1 through 10, whose identities are unknown, except to the extent that they are employees of THE CITY OF NEW YORK, and/or members or personnel of the New York City Police Department (hereinafter "NYPD") being the police officers and/or supervisors who participated in the arrest, detention and prosecution of plaintiff JEMAL EARLE, arising out of the false arrest, malicious prosecution, assault, battery, excessive force, failure to

intervene, retaliation for exercising his constitutional rights, filing of false reports regarding, and false imprisonment of, plaintiff JEMAL EARLE.

2. That on February 20, 2014 at approximately 1:30pm, POLICE OFFICER ANTHONY RIVELLI, POLICE OFFICER DAVID PEREZ, and POLICE OFFICERS JOHN and JANE DOE NOS. 1 through 10, of the Police Department of the City of New York individually, and as agents, servants and/or employees of defendant THE CITY OF NEW YORK, acting in concert, under color of state laws, intentionally, maliciously, and wilfully subjected plaintiff JEMAL EARLE to, inter alia, false arrest, false imprisonment, detention, assault, battery, excessive force, retaliation for exercising his constitutional rights, filing of false reports and malicious prosecution for acts of which plaintiff was innocent.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. Sections 1981, 1983, and 1988, and the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and under the Constitution, statutes and common law of the State of New York.

4. Jurisdiction is found upon 28 U.S.C. Section 1331, 1343, and 1367(a).

5. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b)(2) in that the Eastern District of New York is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

6. This action was commenced within three years of the date of the occurrence complained of herein that gave rise to plaintiffs' damages and plaintiff has complied with all of the prerequisites for bringing this action.

## JURY DEMAND

7. Plaintiff JEMAL EARLE demands a trial by jury of all issues pursuant to Fed. R.

Civ. P.38(b).

## THE PARTIES TO THIS ACTION

8. At all times hereinafter mentioned, the plaintiff JEMAL EARLE was and is a citizen of the United States and at all times relevant hereto resided in the State of New York, County of Queens.

9. At all times hereinafter mentioned, the defendant THE CITY OF NEW YORK was and still is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

10. At all times hereinafter mentioned, the defendant THE CITY OF NEW YORK employed and maintained a police force, commonly known as the "New York City Police Department" (hereinafter "NYPD") and employed the individual police officers who comprise the NYPD.

11. At all times hereinafter mentioned, defendant ANTHONY RIVELLI was a police officer employed by defendant THE CITY OF NEW YORK as a member of the NYPD.

12. At all times hereinafter mentioned, defendant DAVID PEREZ was a police officer employed by defendant THE CITY OF NEW YORK as a member of the NYPD.

13. At all times hereinafter mentioned, defendants POLICE OFFICERS JOHN and JANE DOE NOS. 1 through 10 were police officers employed by defendant THE CITY OF NEW YORK as members of the NYPD.

14. At all time hereinafter mentioned, defendant police officers, duly appointed and acting as police officers were agents, servants and/or employees of defendant THE CITY OF NEW YORK, and were acting in the course and scope of their employment as such and in furtherance of the interests and business of the defendant THE CITY OF NEW YORK.

15. At all times mentioned herein, the defendant police officers were acting under color of state law, to wit, under color of the statutes, rules, laws, ordinances, regulations, policies, practices, customs and usages of defendant THE CITY OF NEW YORK and/or the State of New York.

16. Each, every and all of the acts of the defendant police officers alleged herein were done while said police officers while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

17. On February 20, 2014, at approximately 1:00pm, plaintiff JEMAL EARLE was present at the Department of Motor Vehicles/Traffic Violations Bureau located at 168-35 Rockaway Boulevard, 2nd Floor, Jamaica, New York 11434.

18. Plaintiff JEMAL EARLE was present at the aforementioned premises for the purpose of pleading not-guilty to a traffic violation summons previously issued by defendant POLICE OFFICER ANTHONY RIVELLI on October 12, 2013.

19. On February 20, 2014, at approximately 1:20pm plaintiff JEMAL EARLE and defendant POLICE OFFICER ANTHONY RIVELLI participated in a New York State Department of Motor Vehicle Administrative Adjudication Hearing.

20. At the conclusion of the Administrative Adjudication Hearing plaintiff JEMAL EARLE exited the hearing room and walked down the hallway leading to the second floor exit.

21. At approximately 1:30pm, while plaintiff JEMAL EARLE was walking toward the second floor exit, defendant POLICE OFFICER ANTHONY RIVELLI called out to plaintiff JEMAL EARLE and ordered him to "come here".

22. As a result of defendant POLICE OFFICER ANTHONY RIVELLI'S command,

JEMAL EARLE turned around, walked toward the officer, and stopped.

23. Defendant Police Officer ANTHONY RIVELLI approached plaintiff JEMAL EARLE and, without warning, justification, or cause punched plaintiff in his head and face.

24. At no time did plaintiff JEMAL EARLE threaten, assault, or strike POLICE OFFICER ANTHONY RIVELLI.

25. After being punched in the head and face, Police Officer ANTHONY RIVELLI, POLICE OFFICER DAVID PEREZ and POLICE OFFICERS JOHN and JANE DOE NOS. 1 through 10, assaulted and forcibly pulled plaintiff JEMAL EARLE to the floor.

26. POLICE OFFICER ANTHONY RIVELLI, POLICE OFFICER DAVID PEREZ and POLICE OFFICERS JOHN and JANE DOE NOS. 1 through 10 forcibly restrained plaintiff JEMAL EARLE on the floor, without his consent, and placed plaintiff JEMAL EARLE in handcuffs.

27 At no time did plaintiff JEMAL EARLE threaten, assault or strike POLICE OFFICER ANTHONY RIVELLI, POLICE OFFICER DAVID PEREZ and/or POLICE OFFICERS JOHN and JANE DOE NOS. 1 through 10.

28. At no time did plaintiff JEMAL EARLE resist arrest.

29. Plaintiff JEMAL EARLE was stopped, detained and arrested without reasonable suspicion to stop or detain, and defendants acted without just, reasonable, lawful or proper cause to arrest the plaintiff.

30. Plaintiff JEMAL EARLE was thereupon and thereafter detained and restrained of his liberty and freedom, on account of the unlawful and wrongful acts of the defendants, and was confined in various facilities.

31. Plaintiff JEMAL EARLE was confined to a room at the Department of Motor

Vehicles/Traffic Violations Bureau located at 168-35 Rockaway Boulevard, Jamaica, New York 11434 for approximately 30 minutes.

32. Plaintiff JEMAL EARLE was confined to the back of a police car and driven around Queens, New York for approximately 3 hours.

33. Plaintiff JEMAL EARLE was taken to the 105 Precinct, 92-08 222nd St, Queens Village, NY 11428, fingerprinted, processed, and confined to a cell for approximately 6 hours.

34. Without proof that plaintiff JEMAL EARLE was in any way connected or related to a crime, or in fact, that any crime was, in fact, committed, and without reasonable suspicion to stop him, nor probable cause to detain or arrest him, defendant THE CITY OF NEW YORK's employees, including defendants POLICE OFFICER ANTHONY RIVELLI and POLICE OFFICER DAVID PEREZ, individually and acting in concert, knowingly, unlawfully and wrongfully fabricated charges against the plaintiff JEMAL EARLE and set it forth in a false and fabricated criminal complaint, and subsequent complaints, falsely sworn to by defendants.

35. The criminal complaint, and subsequent complaints, were and are false and fraudulent in alleging that plaintiff JEMAL EARLE committed criminal acts, and in alleging the facts therein set forth alleged to constitute those charges.

36. Plaintiff JEMAL EARLE was placed in a police van and confined for approximately 25 minutes while he was transported to Central Booking of the Queens Criminal Court located at or near 125-01 Queens Boulevard, Kew Gardens, New York.

37. Plaintiff JEMAL EARLE was confined to a cell at Central Booking of the Queens Criminal Court located at or near 125-01 Queens Boulevard, Kew Gardens, New York and/or a cell at Queens County Criminal Court for approximately 24 hours.

38. Based upon the false criminal complaints prepared and signed by employees of

defendant THE CITY OF NEW YORK, including defendants POLICE OFFICER ANTHONY RIVELLI and POLICE OFFICER DAVID PEREZ, plaintiff JEMAL EARLE was arraigned and charged with violating Penal Law §195.05, Penal Law §205.30, and Penal Law §240.20(1) under docket number 2014QN009776.

39. Defendants acted maliciously and intentionally.

40. Eventually, plaintiff JEMAL EARLE was released from such confinement and detention.

41. Thereafter plaintiff JEMAL EARLE was forced to return to court on multiple occasions, over a period of about 14 months, appearing in public, and before the public, as a defendant, a person accused of criminal acts, acts of which the plaintiff was not guilty.

42. On April 7, 2015, before Judge John F. Zoll in Queens County Criminal Court, all of the criminal charges pending against the plaintiff, including Penal Law §195.05, Penal Law §205.30 and Penal Law §240.20(1) were dismissed.

43. As a direct and proximate result of the acts of the defendants, plaintiff suffered severe and permanent damages including, but not limited to: physical injuries, emotional distress, embarrassment, humiliation, mental anguish, loss of liberty, loss of income; loss of employment opportunity, and deprivation and violation of his constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person,

### AS AND FOR A FIRST CAUSE OF ACTION
### (VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C §1983)

44. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 43 as if fully set forth herein.

45. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

46. As a direct and proximate result of the defendants' actions, plaintiff was deprived of rights, privileges and immunities secured to him under the Constitution and laws of New York and the United States, including, but not limited to his rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments and in violation of 42 U.S.C. 1981, 1983, 1988 to be secure in his person, to be free from unlawful stops, to be free from unreasonable searches and seizures, to be free from malicious prosecution, to be free from the use of excessive force, false arrest and false imprisonment and punishment, to be free from retaliation for the exercise of constitutional rights, without due process and to equal protection of the laws.

47. The acts complained of were carried out by the aforementioned individual defendants in their capacities of police officers, with the actual and/or apparent authority attendant thereto and pursuant to the customs, usages, practices, procedures, and the rules of defendant THE CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of said department.

48. Defendants, collectively and individually, while acting under the color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the defendant THE CITY OF NEW YORK which is forbidden by the Constitution of the United States.

49. As a result of the aforesaid violation of plaintiff's rights, plaintiff JEMAL EARLE sustained injuries and damages previously described in this complaint.

50. As a result of the foregoing, plaintiff seeks nominal damages and compensatory damages in the amount that exceeds the minimal jurisdiction of this Court and in an amount to be

fixed by a jury from all defendants, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. §1983)

51. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 50 as if fully set forth herein.

52. The amount of force used by the defendants was intentional, excessive, unreasonable and otherwise in violation of plaintiff JEMAL EARLE constitutional rights.

53. As a result of the aforesaid, plaintiff JEMAL EARLE sustained the injuries and damages previously described in this complaint.

54. As a result of the foregoing, plaintiff seeks nominal and compensatory damages in the amount that exceeds the minimal jurisdiction of this Court and in an amount to be fixed by a jury from all defendants, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Unlawful seizure under 42 U.S.C. §1983)

55. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 54 as if fully set forth herein.

56. The defendants stopped the plaintiff JEMAL EARLE without reasonable suspicion that the plaintiff had committed, was committing, or was about to commit a crime and was otherwise stopped in violation of plaintiff JEMAL EARLE constitutional rights.

57. Plaintiff JEMAL EARLE was not free to end the stop.

58. As a result of the aforesaid, plaintiff JEMAL EARLE sustained the injuries and damages previously described in this complaint.

59. As a result of the foregoing, plaintiff seeks nominal and compensatory damages in the amount that exceeds the minimal jurisdiction of this Court and in an amount to be fixed by a jury from all defendants, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (False Arrest and Imprisonment under 42 U.S.C. §1983)

60. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 59 as if fully set forth herein.

61. The defendants arrested, detained and imprisoned Plaintiff, without warrant or consent of the plaintiff, even though they knew or should have known that he was wholly innocent of any crime then and there alleged against him, wherein plaintiff was aware of his confinement, and thus violated Plaintiff's Constitutional rights.

62. As a result of the foregoing, plaintiff seeks nominal and compensatory damages in the amount that exceeds the minimal jurisdiction of this Court and in an amount to be fixed by a jury from all defendants, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. §1983)

63. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 62 as if fully set forth herein.

64. The defendants initiated criminal proceedings against Plaintiff JEMAL EARLE.

65. The defendants lacked probable cause to initiate the proceeding.

66. The defendants, including defendants POLICE OFFICER ANTHONY RIVELLI and POLICE OFFICER DAVID PEREZ, fabricated charges against the plaintiff JEMAL EARLE and set it forth in false and fabricated criminal complaints, falsely sworn to by defendants.

67. The criminal proceedings ended in plaintiff JEMAL EARLE's favor.

68. The defendants acted maliciously for a purpose other than bringing to justice.

69. As a consequence of the proceeding, plaintiff JEMAL EARLE suffered a significant deprivation of liberty.

70. As a result of the aforesaid, plaintiff sustained the injuries and damages previously described in this complaint.

71. As a result of the foregoing, plaintiff seeks nominal and compensatory damages in the amount that exceeds the minimal jurisdiction of this Court and in an amount to be fixed by a jury from all defendants, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. §1983)

72. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 71 as if fully set forth herein.

73. Defendant police officers had an affirmative duty to intervene on behalf of plaintiff JEMAL EARLE, whose constitutional rights were being violated in their presence.

74. Defendant police officers had a reasonable opportunity to intervene and failed to

intervene to prevent the unlawful conduct described herein.

75. As a result of the aforesaid, plaintiff JEMAL EARLE sustained the injuries and damages previously described in this complaint.

76. As a result of the foregoing, plaintiff seeks nominal and compensatory damages in the amount that exceeds the minimal jurisdiction of this Court and in an amount to be fixed by a jury from all defendants, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. §1983)

77. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 76 as if fully set forth herein.

78. The defendant CITY OF NEW YORK violated plaintiff's constitutional rights by being deliberately indifferent to the fact that the constitutional violations were a highly predictable consequence of the failure to properly train and supervise their employees.

79. As a result of the foregoing, plaintiff seeks nominal compensatory damages in the amount that exceeds the minimal jurisdiction of this Court and in an amount to be fixed by a jury from all defendants, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A EIGHT CAUSE OF ACTION
### (First Amendment Retaliation under 42 U.S.C. §1983)

80. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 79 as if fully set forth herein.

81. At the time and place of the incident alleged herein, plaintiff JEMAL EARLE engaged in constitutional activity, including speech and conduct.

82. As a result of exercising and engaging his constitutional First Amendment rights, the defendant police officers took the adverse actions as alleged herein against the plaintiff JEMAL EARLE.

83. The adverse actions taken against the plaintiff were directly and causally connected to the exercise of his First Amendment rights.

84. As a result of the aforesaid, plaintiff JEMAL EARLE sustained the injuries and damages previously described in this complaint.

85. As a result of the foregoing, plaintiff seeks nominal and compensatory damages in the amount that exceeds the minimal jurisdiction of this Court and in an amount to be fixed by a jury from all defendants, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. §1983)

86. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 85 as if fully set forth herein.

87. Defendants, collectively and individually, while acting under the color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

88. The aforementioned customs, usages, practices, procedures and rules of the City of New York and the NYPD, included, but were not limited to, using excessive force against

individuals, and incidents where defendants and their supervisors have in the past falsely arrested individuals without probable cause, improperly held and/or detained such individuals without probable cause, and made, and allowed other fellow police officers and others of its employees to make, false entries in official police department records, and to issue false and fraudulent criminal complaints and accusatory instruments, to cover up and hide their wrongful conduct. In addition THE CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff JEMAL EARLE's rights as described herein. As a result of the failure of The City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant THE CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained herein.

89. The foregoing customs, usages, practices, procedures and rules of the City of New York and the NYPD constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JEMAL EARLE.

90. The foregoing customs, usages, practices, procedures and rules of the City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiff JEMAL EARLE as alleged herein.

91. The foregoing customs, usages, practices, procedures and rules of the City of New York and the NYPD were the moving force behind the constitutional violations suffered by plaintiff JEMAL EARLE as alleged herein.

92. As a result of the foregoing customs, usages, practices, procedures and rules of the City of New York and the NYPD, plaintiff JEMAL EARLE was subjected to the acts described

and alleged herein.

93. Defendants, collectively and individually, while acting under the color of state law, were directly and actively involved in violating plaintiff JEMAL EARLE's constitutional rights.

94. All of the foregoing acts by defendants deprived plaintiff JEMAL EARLE of federally protected rights, including, but not limited to, the right:

    A. To be free from the use of excessive force and/or failure to intervene;

    B. To be free from unlawful stops and/or seizures;

    C. To be free from unreasonable searches and seizures;

    D. To be free from malicious prosecution, false arrest and false imprisonment and punishment,

    E. To be free from retaliation for the exercise of constitutional rights, without due process and to equal protection of the laws.

95. As a result of the foregoing, plaintiff seeks nominal and compensatory damages in the amount that exceeds the minimal jurisdiction of this Court and in an amount to be fixed by a jury from all defendants, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

WHEREFORE, plaintiff JEMAL EARLE demands judgment against the defendants, individual defendants and municipal defendants, jointly and severally for nominal and compensatory damages on each Cause of Action in an amount to be determined by a jury; for punitive damages against the individual defendants on each Cause of action in an amount to be determined by a jury; awarding plaintiff reasonable attorney's fees, costs and disbursements of

this action; and granting such other and further relief as this Court deems just and proper.

Dated:     NEW YORK, N.Y.
             January 11, 2016

by_____
     JEFFREY I. WEINER (2914)
Law Office of Jeffrey I Weiner
Attorneys for Plaintiff
JEMAL EARLE
7 Penn Plaza - Suite 420
New York, New York 10001
212-951-1999

TO:    CITY OF NEW YORK,
        POLICE OFFICER ANTHONY RIVELLI, and
        POLICE OFFICER DAVID PEREZ