UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

JEMAL EARLE,

                        Plaintiff,

            -against-

CITY OF NEW YORK; Police Officer ANTHONY RIVELLI, Shield No. 9204; Police Officer DAVID PEREZ, Shield No. 18864; Sergeant STEVEN CROZIER, Shield No. 2379; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                        Defendants.
-----------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

16 CV 171 (SJ)(RML)

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Jemal Earle ("plaintiff" or "Mr. Earle") is an African American male residing in Queens County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Police Officer Anthony Rivelli, Shield No. 9204 ("Rivelli"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Rivelli is sued in his individual and official capacities.

9. Defendant Police Officer David Perez, Shield No. 18864 ("Perez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Perez is sued in his individual and official capacities.

10. Defendant Sergeant Steven Crozier, Shield No. 2379 ("Crozier"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Crozier is sued in his individual and official capacities.

11. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14. On February 20, 2014, at approximately 1:00 p.m., Mr. Earle, was lawfully present inside of the Department of Motor Vehicles/Traffic Violations Bureau ("DMV") located at 168-35 Rockaway Boulevard, 2nd Floor in Jamaica, New York.

15. Mr. Earle was at the DMV that day to plead not guilty to a traffic violation summons previously issued by defendant Rivelli on October 12, 2013.

16. At approximately 1:20 p.m., on February 20, 2014, Mr. Earle and defendant Rivelli participated in an Administrative Adjudication Hearing at the abovementioned location in connection with the previously issued summons.

17. During the hearing, Mr. Earle reasonably testified to his disagreement with defendant Rivelli's conduct during the course of plaintiff's interaction with him on October 12, 2013.

18. After the hearing, Mr. Earle left the hearing room and walked down the hallway leading to the second floor to exit the DMV building.

19. As Mr. Earle was leaving the area, defendant Rivelli yelled from behind plaintiff and ordered him to "come here."

20. Plaintiff complied with defendant Rivelli's command, calmly walked toward defendant Rivelli and reasonably stopped upon approaching the defendant officer.

21. Without warning or justification, defendant Rivelli violently punched Mr. Earle in his head and face.

22. At no time did Mr. Earle ever threaten, assault or strike defendant Rivelli.

23. Defendants Rivelli, Perez and several additional defendant officers further assaulted Mr. Earle, including by forcibly taking plaintiff to the ground.

24. At no time did Mr. Earle ever resist the defendant officers.

25. Without reasonable suspicion or probable cause to believe Mr. Earle had committed any crime or offense, defendants arrested Mr. Earle and tightly handcuffed him.

26. Mr. Earle was held, handcuffed, in a room at the DMV for some thirty minutes.

27. Defendants eventually took Mr. Earle to the 105th Precinct.

28. At the precinct defendants falsely informed employees of the Queens County District Attorney's Office that they had observed plaintiff commit various crimes including, obstructing governmental administration and resisting arrest.

29. At no point did defendants ever observe Mr. Earle commit any crime or offense.

30. Plaintiff was eventually taken to Queens Central Booking.

31. Mr. Earle was arraigned in Queens County Criminal Court, where he was released on his own recognizance after approximately twenty-eight hours in custody.

32. Mr. Earle was required, thereafter, to appear in criminal court on

multiple occasions, over a period of some fourteen months, to defend the charges levied against him.

33. On April 7, 2015 all charges against Mr. Earle were dismissed in their entirety.

34. Mr. Earle suffered damage as a result of defendants' actions. Mr. Earle was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

37. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

40. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

43. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Malicious Prosecution

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

46.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

47.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

48.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49.     The individual defendants created false evidence against plaintiff.

50.     The individual defendants forwarded false evidence to prosecutors in the Queens County District Attorney's office.

51.     In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair

trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

52. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### First Amendment Retaliation

53. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54. By their conduct, as described herein, and acting under color of state law to deprive the plaintiff of his right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

55. The individual defendants have violated plaintiff's First Amendment rights to speech by unlawfully denying his right to speak freely by subjecting him to false arrest and excessive force to deter the exercise of his First Amendment rights. Defendants' actions were taken in retaliation for plaintiff's exercising his First Amendment rights.

56. As a consequence of the individual defendants' actions, plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing his First Amendment-protected activities.

57. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure To Intervene

58. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

59. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

60. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

61. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### *Monell*

62.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

63.   This is not an isolated incident.

64.   The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

65.   The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

66.   The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, false arrests, uses of excessive force, the fabrication of evidence and perjury.

67.   The City, at all relevant times, was, upon information and belief, aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

68. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

69. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) An order enjoining defendants from engaging in further bias-based profiling against plaintiff;

(d) A declaration that plaintiff has been subjected to discrimination through bias-based profiling by defendants;

(e) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(f) Such other and further relief as this Court deems just and proper.

Dated:  August 5, 2016
        New York, New York

                        HARVIS & FETT LLP

                        _____
                        Baree N. Fett
                        305 Broadway, 14th Floor
                        New York, New York 10007
                        (212) 323-6880
                        bfett@civilrights.nyc

                        JEFFREY I. WEINER, Esq.
                        7 Penn Plaza, Suite 420
                        New York, New York 10001
                        (212) 951-1999

                        *Attorneys for plaintiff*