UNITED STATESS DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JEMAL EARLE,

                                                         Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
ANTHONY RIVELLI, POLICE OFFICER DAVID
PEREZ, Sergeant STEVEN CROZIER, Shield No. 2379
and POLICE OFFICERS JOHN AND JANE DOE NOS. 1
through 10, whose identities are unknown, except to the
extent that they are employees of THE CITY OF NEW
YORK, and/or members or personnel of the Police
Department of THE CITY OF NEW YORK,

                                                     Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE AMENDED COMPLAINT**

16-cv-171 (SJ)(RML)

**JURY TRIAL DEMANDED**

        Defendants Marc A. Rudon, Anthony M. O'Toole, and Rohan L. Shaw by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the Second Amended Complaint, respectfully allege, upon information and belief, as follows:

        1.      Deny the allegations set forth in paragraph "1" of the second amended complaint except admit that plaintiff purports to proceed as stated therein.

        2.      Deny the allegations set forth in paragraph "2" of the second amended complaint, except admit that plaintiff purports to proceed as stated therein.

        3.      Deny the allegations set forth in paragraph "3" of the second amended complaint, except admit that plaintiff purports to invoke the jurisdiction of the court as stated therein.

        4.      Deny the allegations set forth in paragraph "4" of the second amended complaint, except admit that plaintiff purports to base venue as stated therein.

5. State that the allegations set forth in paragraph "5" of the second amended complaint are not averments of fact to that require a response.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the second amended complaint.

7. Deny the allegations set forth in paragraph "7" of the second amended complaint except admit that the City of New York is a municipal corporation organized under the laws of New York.

8. Deny the allegations set forth in paragraph "8" of the second amended complaint, except admit that Officer Anthony Rivelli is employed by the NYPD.

9. Deny the allegations set forth in paragraph "9" of the second amended complaint, except admit that Officer David Perez is employed by the NYPD.

10. Deny the allegations set forth in paragraph "10" of the second amended complaint, except admit that Sgt. Steven Crozier is employed by the NYPD.

11. Deny the allegations set forth in paragraph "11" of the second amended complaint, except admit that Officer Marc Rudon is employed by the NYPD.

12. Deny the allegations set forth in paragraph "12" of the second amended complaint, except admit that Anthony O'Toole was employed by the NYPD.

13. Deny the allegations set forth in paragraph "13" of the second amended complaint.

14. Deny the allegations set forth in paragraph "14" of the second amended complaint.

15. Deny the allegations set forth in paragraph "15" of the second amended complaint.

16. Deny the allegations set forth in paragraph "16" of the second amended complaint.

17. Deny the allegations set forth in paragraph "17" of the second amended complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the second amended complaint as they pertain to unidentified defendants.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the second amended complaint as they pertain to unidentified defendants.

20. State that the allegations set forth in paragraph "20" of the second amended complaint are legal conclusions to which no response is required; to the extent such a response is required, deny.

21. Admit that the allegations set forth in paragraph "21" of the second amended complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the second amended complaint, except admit that Rivelli previously issued a summons to plaintiff on October 12, 2013.

23. Admit the allegations set forth in paragraph "23" of the second amended complaint.

24. Deny the allegations set forth in paragraph "24" of the second amended complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the second amended complaint.

26. Deny the allegations set forth in paragraph "26" of the second amended complaint.

27. Deny the allegations set forth in paragraph "27" of the second amended complaint.

28. Deny the allegations set forth in paragraph "28" of the second amended complaint.

29. Deny the allegations set forth in paragraph "29" of the second amended complaint.

30. Deny the allegations set forth in paragraph "30" of the second amended complaint.

31. Deny the allegations set forth in paragraph "31" of the second amended complaint.

32. Deny the allegations set forth in paragraph "32" of the second amended complaint.

33. Deny the allegations set forth in paragraph "33" of the second amended complaint.

34. Deny the allegations set forth in paragraph "34" of the second amended complaint, except admit that plaintiff was eventually transported to the 105th Precinct.

35. Deny the allegations set forth in paragraph "35" of the second amended complaint.

36. Deny the allegations set forth in paragraph "36" of the second amended complaint.

37. Admit the allegations set forth in paragraph "37" of the second amended complaint.

38. Deny the allegations set forth in paragraph "38" of the second amended complaint.

39. Admit the allegations set forth in paragraph "39" of the second amended complaint.

40. Admit the allegations set forth in paragraph "40" of the second amended complaint.

41. Deny the allegations set forth in paragraph "41" of the second amended complaint.

42. In response to the allegations set forth in paragraph "42" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

43. Deny the allegations set forth in paragraph "43" of the second amended complaint.

44. Deny the allegations set forth in paragraph "44" of the second amended complaint.

45. In response to the allegations set forth in paragraph "45" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

46. Deny the allegations set forth in paragraph "46" of the second amended complaint.

47. Deny the allegations set forth in paragraph "47" of the second amended complaint.

48. In response to the allegations set forth in paragraph "48" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

49. Deny the allegations set forth in paragraph "49" of the second amended complaint.

50. Deny the allegations set forth in paragraph "50" of the second amended complaint.

51. In response to the allegations set forth in paragraph "51" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

52. Deny the allegations set forth in paragraph "52" of the second amended complaint.

53. Deny the allegations set forth in paragraph "53" of the second amended complaint.

54. Deny the allegations set forth in paragraph "54" of the second amended complaint.

55. In response to the allegations set forth in paragraph "55" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

56. Deny the allegations set forth in paragraph "56" of the second amended complaint.

57. Deny the allegations set forth in paragraph "57" of the second amended complaint.

58. Deny the allegations set forth in paragraph "58" of the second amended complaint.

59. Deny the allegations set forth in paragraph "59" of the second amended complaint.

60. In response to the allegations set forth in paragraph "60" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

61. Deny the allegations set forth in paragraph "61" of the second amended complaint.

62. Deny the allegations set forth in paragraph "62" of the second amended complaint.

63. Deny the allegations set forth in paragraph "63" of the second amended complaint.

64. Deny the allegations set forth in paragraph "64" of the second amended complaint.

65. In response to the allegations set forth in paragraph "65" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

66. Deny the allegations set forth in paragraph "66" of the second amended complaint.

67. Deny the allegations set forth in paragraph "67" of the second amended complaint.

68. Deny the allegations set forth in paragraph "68" of the second amended complaint.

69. In response to the allegations set forth in paragraph "69" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

70. Deny the allegations set forth in paragraph "70" of the second amended complaint.

71. Deny the allegations set forth in paragraph "71" of the second amended complaint.

72. Deny the allegations set forth in paragraph "72" of the second amended complaint.

73. Deny the allegations set forth in paragraph "73" of the second amended complaint.

74. Deny the allegations set forth in paragraph "74" of the second amended complaint.

75. Deny the allegations set forth in paragraph "75" of the second amended complaint.

76. Deny the allegations set forth in paragraph "76" of the second amended complaint.

**FIRST AFFIRMATIVE DEFENSE:**

The second amended complaint fails to states a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendants Rudon, O'Toole or Shaw.

**THIRD AFFIRMATIVE DEFENSE:**

Plaintiff provoked any incident.

**FOURTH AFFIRMATIVE DEFENSE:**

There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

**FIFTH AFFIRMATIVE DEFENSE:**

There was probable cause for plaintiff's arrest, detention, and prosecution.

**SIXTH AFFIRMATIVE DEFENSE:**

Defendants Rudon, O'Toole, and Shaw have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the States of New York or any political subdivision thereof.

**SEVENTH AFFIRMATIVE DEFENSE:**

Defendants Rudon, O'Toole, and Shaw have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

**EIGHTH AFFIRMATIVE DEFENSE:**

Plaintiff has failed to mitigate his alleged damages.

## NINTH AFFIRMATIVE DEFENSE:

Punitive damages cannot be assessed against defendant City of New York.

**WHEREFORE** defendants Rudon, O'Toole, and Shaw requests judgment dismissing the second amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        March 21, 2017

                            ZACHARY W. CARTER
                            Corporation Counsel of the
                            City of New York
                            *Attorney for Defendants Rudon, O'Toole, and Shaw*
                            100 Church Street, Room 3-153
                            New York, New York 10007
                            (212) 356-2572

By:                /S/
                      Angharad K. Wilson
                      Assistant Corporation Counsel

cc:  <u>BY ECF</u>
     Jeffrey Weiner, Esq.
     Baree Fett, Esq.

Docket No. 16-cv-171

| |
|---|
| UNITED STATESS DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK |
| JEMAL EARLE,<br><br>                                                                Plaintiff,<br><br>                      -against-<br><br>THE CITY OF NEW YORK, POLICE OFFICER ANTHONY RIVELLI, POLICE OFFICER DAVID PEREZ, and POLICE OFFICERS JOHN AND JANE DOE NOS. 1 through 10, whose identities are unknown, except to the extent that they are employees of THE CITY OF NEW YORK, and/or members or personnel of the Police Department of THE CITY OF NEW YORK,<br><br>                                                 Defendants. |
| **ANSWER TO THE AMENDED COMPLAINT** |
| *ZACHARY W. CARTER*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant City of New York*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br>*Of Counsel: Angharad Wilson*<br>*Tel: 212-356-2572*<br>*Law Manager No. 2016-002376* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. .......................September 8, 2016*<br><br>*............................................................... .*<br><br>*Attorney for ..........................................................* |