

THE CITY OF NEW YORK

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

**ANGHARAD K. WILSON**
*Senior Counsel*
Phone: (212) 356-2572
Fax: (212) 356-3509
awilson@law.nyc.gov

August 31, 2018

**BY ECF**
Honorable Sterling Johnson, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     Jemal Earle v. City of New York, et al., 16-cv-0171 (SJ)(RML)

Your Honor:

I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel for the City of New York, and I am assigned to the defense of this matter on behalf of defendants. In accordance with the Court's individual rules, defendants respectfully submit this letter, and the attached Rule 56.1 statement, requesting a pre-motion conference in anticipation of defendants' motion for summary judgment. Plaintiff Jemal Earle alleges that, on February 20, 2014, he was falsely arrested and subjected to excessive force (in addition to other claims) while inside of a Department of Motor Vehicles building located in Jamaica, Queens. Surveillance video depicts plaintiff walking up to Officer Anthony Rivelli and pushing him, at which time Officer Rivelli struck plaintiff once. Thereafter, a number of other officers brought plaintiff to the ground and handcuffed him. For a more full statement of the relevant facts, please see the attached Rule 56.1 statement of undisputed material facts.

*Unlawful Stop and Search.* Although plaintiff alleges that he was improperly stopped and searched, the video demonstrates that there was no stop and/or search. Even crediting the truthfulness of plaintiff's allegation, that Officer Rivelli told plaintiff to "come here," the approximately two seconds between when plaintiff stops walking and when he pushes Officer Rivelli cannot be construed as a stop for constitutional purposes. Further, the video shows that there was no search of plaintiff prior to his arrest. Therefore, there cannot be a claim for unlawful stop and/or search.

*False Arrest/Malicious Prosecution.* Probable cause is a complete defense to both false arrest and malicious prosecution. *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996); *Manganiello v. City of New York*, 612 F.3d 149, 161-62 (2d Cir. 2010). Probable cause exists "when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be

arrested." *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995). "If probable cause existed at the time of arrest, it continues to exist at the time of prosecution unless undermined by the discovery of some intervening fact." *Johnson v. Constantellis*, 221 Fed. Appx. 48, 50 (2d Cir. 2007) (internal quotations omitted). Courts have held that "a claim for false arrest turns only on whether probable cause existed to arrest a defendant, and that it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006). At a minimum, based on the video, there was probable cause to arrest and prosecute plaintiff for Harassment in the Second Degree, which requires that someone, "with the intention to harass, annoy or alarm a person…strikes, shoves, kicks or otherwise subject some other person to physical contact, or attempts or threatens to do the same." The surveillance video clearly shows plaintiff shoving Officer Rivelli, giving him probable cause to arrest plaintiff for, at a minimum, Harassment in the Second Degree. Moreover, there was probable cause to arrest plaintiff for a number of other charges based on the video, including Disorderly Conduct (N.Y. Pen. Law §240.20(1)). Further, even if there was not actual probable cause for these charges, there was arguable probable cause, entitling defendants to qualified immunity. *Lennon v. Miller*, 66 F.3d 416, 420-21 (2d Cir. 1995).

*Excessive Force.* To establish that an officer used excessive force, a plaintiff must "show that [the officer's] actions were objectively unreasonable in light of the facts and circumstances confronting him." *Nimely v. City of New York*, 414 F.3d 381, 390 (2d Cir. 2005) (internal quotation marks and alteration omitted). It is clear that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Graham v. Connor*, 490 U.S 386, 396 (1989). Here, plaintiff initiated physical contact with Officer Rivelli by first pushing him and then raising his arm as if to hit him. Under these circumstances, it was objectively reasonable for Officer Rivelli to strike plaintiff, once, in response. Furthermore, any use of force against plaintiff was *de minimis*. The Second Circuit has held that "a *de minimis* use of force will rarely suffice to state a Constitutional claim." *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993). Thus, a plaintiff must demonstrate that the amount of force used was more than *de minimis*. *See Romano*, 998 F.2d at 105. Injuries that have been held to be *de minimis* for purposes of defeating excessive force claims include short-term pain, swelling, and bruising, *Richardson v. New York City Health and Hospitals Corp*., 05 Civ. 6278, 2009 U.S. Dist. LEXIS 25247, 2009 WL 804096, at *10 (S.D.N.Y. Mar. 25, 2009). Plaintiff testified that the only injury he sustained as a result of the encounter with Officer Rivelli were scratches above his right ear and that he did not recall feeling any pain as a result of any injuries by the time he arrived at the 115th Precinct, less than two hours after the incident. Further, Officer Rivelli, and any other officers who used force on plaintiff are entitled to qualified immunity, because it was not objectively unreasonable for them to believe it was lawful to use force against an individual who had physically assaulted a police officer and/or resisted being arrested. *Jackson v. Tellado*, 236 F. Supp. 3d 636, 661 (E.D.N.Y. 2017).

*Denial of the Right to a Fair Trial.* In order to establish a claim for denial of a fair trial resulting from fabrication of evidence, plaintiff must plead facts supporting the inference that "(1) an investigating official (2) fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result." *Jovanovic v. City of New York*, 486 Fed. Appx. 149, 152 (2d Cir. 2012). Plaintiff has failed to allege with particularity, and/or adduce during discovery, which defendants allegedly

fabricated evidence and/or what evidence was fabricated.[1] Plaintiff's failure to do so is fatal. *Marom v. City of N.Y.*, No. 15-cv-2017 (PKC), 2016 U.S. Dist. LEXIS 28466, at *28-29 (S.D.N.Y. Mar. 7, 2016)

*First Amendment Retaliation.* To prevail on a First Amendment retaliation claim, plaintiff must prove "(1) he has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right." *Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001). "Specific proof of improper motivation is required in order for plaintiff to survive summary judgment on a First Amendment retaliation claim." *Id.* (citation omitted). Plaintiff has failed to prove that he either had a First Amendment interest that was protected or that his arrest was substantially motivated by the exercise of a right protected by the First Amendment. In fact, plaintiff's arrest was supported by probable cause, as discussed above, so plaintiff cannot prove that his arrest was due to an improper motive.

*Failure to Intervene.* Defendants Shaw, O'Toole, and Crozier were either not present for any altercation or arrived on the scene well after plaintiff was on the ground. Because these defendants had no reasonable opportunity to intervene, they cannot be subject to liability for failure to intervene.

*Municipal Liability under Monell.* In order to hold a municipality liable for violations of civil rights under 42 U.S.C. §1983, a plaintiff must establish that the municipality itself was somehow at fault. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). Further, in order to state a successful *Monell* claim, a plaintiff must plausibly allege that his constitutional rights were violated by an employee of the municipality. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). In this matter, plaintiff has failed to prove either that his rights were violated or that such violation was the result of a municipal policy.

*Personal Involvement.* All claims against Officers Anthony O'Toole and Rohan Shaw, should be dismissed for lack of personal involvement, as plaintiff has failed to demonstrate their roles in any alleged violation of his constitutional rights.

Respectfully submitted,

/s/

Angharad Wilson
Senior Counsel

cc:    All Counsel (via ECF)

---

[1] Plaintiff's only allegation appears to be the conclusory statement that "defendants falsely informed employees of the Queens County District Attorney's Office that they had observed plaintiff commit various crimes including, obstructing governmental administration and resisting arrest." (SAC ¶ 35).