**ELEFTERAKIS ELEFTERAKIS & PANEK**
E&P

eeplaw.com
80 Pine Street, 38th Floor
New York, New York 10005
T. 212.532.1116  F. 212.532.1176

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

JOHN ELEFTERAKIS*
NICHOLAS ELEFTERAKIS
RAYMOND PANEK

OLIVER R. TOBIAS
JEFFREY B. BROMFELD
JORDAN JODRÉ*
FAIZAN GHAZNAVI
GABRIEL P. HARVIS
BAREE N. FETT

KRISTEN PERRY – CONIGLIARO
AIKA DANAYEVA
ARIANA ELEFTERAKIS
MICHAEL INDELICATO
STEPHEN KAHN
MATTHEW KRIVITSKY
EVAN M. LA PENNA
DOMINICK MINGIONE
JOSEPH PERRY
MARIE LOUISE PRIOLO *
KEYONTE SUTHERLAND

*Also Admitted In New Jersey

September 14, 2018

BY ECF
Honorable Sterling Johnson, Jr.
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11211

    Re:   *Earle v. City of New York, et al.*, 16 CV 171 (SJ) (RML)

Your Honor:

    I represent plaintiff in the above-referenced civil rights action. I write pursuant to Rule III(A) of the Court's Individual Practices to respectfully respond to defendants' pre-motion letter dated August 31, 2018 (DE #45).

    In this case, brought pursuant to 42 U.S.C. § 1983, surveillance video (accessible at https://bit.ly/2CU4sgE) captures defendant Rivelli, an NYPD officer with a history of violence against African-Americans,[1] punching plaintiff Jemal Earle in the face in an unprovoked assault. Following the attack, Rivelli's colleagues are seen forcefully arresting plaintiff in the absence of probable cause. Rivelli and another defendant, Officer David Perez, then prepared and forwarded prosecutors sworn criminal complaints containing demonstrably false allegations, initiating a prosecution that Mr. Earle was forced to defend for fourteen months. All of the charges were later dismissed on the motion of the District Attorney.

<u>Defendants Fabricated Evidence as a Matter of Law</u>

        In order to succeed on a claim for a denial of the right to a fair trial against a police officer based on an allegation that

---

[1] *See* Plaintiff's Rule 56.1 Statement of Additional Facts Alleged to be in Dispute at ¶¶ 2-3.

Hon. Sterling Johnson, Jr.
Sept. 14, 2018

> the officer falsified information, an arrestee must prove by a preponderance of the evidence that the officer created false information, the officer forwarded the false information to prosecutors, and the false information was likely to influence a jury's decision.

*Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279-80 (2d Cir. 2016) (extending the holding of *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123 (2d Cir. 1997) to cases in which the fabricated evidence consists of an officer's own observations) (citations omitted); *see Harris v. City of New York*, 222 F. Supp. 3d 341, 351 (S.D.N.Y. 2016) ("It is firmly established that a constitutional right exists not to be deprived of liberty on the basis of false evidence fabricated by a government officer.") (citing *Zahrey v. Coffey,* 221 F.3d 342, 355 (2d Cir. 2000)).

Here, there is no dispute that the criminal complaints prepared by the defendants were forwarded to prosecutors. From there, comparing the video evidence to those criminal complaints establishes plaintiff's fair trial claim, entitling him to partial summary judgment. *Compare* Criminal Complaints (stating that "upon exiting the courtroom," plaintiff allegedly ran toward defendant Rivelli, purportedly "[swinging] his arm with a closed fist at" the defendant, whereupon plaintiff allegedly "struggled" on the floor with Rivelli while plaintiff "flailed his arms and kicked his legs") *with* Video Footage (showing an unprovoked assault of plaintiff and the absence of any of the conduct as sworn to by the officers). Such false statements would influence a criminal jury.

Accordingly, plaintiff respectfully submits that he is entitled to partial summary judgment on his evidence fabrication claim, and that there is no colorable basis to even entertain a motion from defendants on this issue.

<u>Fact Disputes Preclude Summary Judgment as to the Remaining Claims</u>

As indicated in plaintiff's Response to defendants' Local Civil Rule 56.1 Statement of Facts, defendants have inaccurately described the video evidence in their presentation to the Court in a manner and in reality that evidence is fatal to their contemplated motion. Defendants' argument takes as its animating principle that plaintiff pushed the officer, or otherwise struck him first, arguing from that flawed premise that, *ipso facto*, the officer's admitted punching of plaintiff served some sort of legitimate law enforcement purpose and thus immunized the subsequent arrest, evidence fabrication and prosecution.

Hon. Sterling Johnson, Jr.
Sept. 14, 2018

      However, the video evidence, if anything, supports the opposite conclusion: that the violence by the officer was unprovoked and plaintiff had not committed any crime. Plaintiff thus respectfully submits that a rational trier of fact viewing the video could arrive at any number of sustainable conclusions, necessitating a trial on plaintiff's excessive force, false and retaliatory arrest, fair trial and malicious prosecution claims. By the same token, personal involvement is a question for the jury on these facts. *See, e.g., Maloney v. Cty. of Nassau*, 03-CV-4178 (SLT) (MLO), 2010 WL 3940456, *3 (E.D.N.Y. Sept. 30, 2010), *aff'd*, 500 F. App'x 30 (2d Cir. 2012) ("Because 'personal involvement is a question of fact[,] we are governed by the general rule that summary judgment may be granted only if no issues of material fact exist and the defendant[ ] is entitled to judgment as a matter of law.'") (quoting *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986)).

<u>Had Defendants Conferred with Plaintiff as Requested, He Would Have Agreed to Withdraw Certain Claims</u>

      Before defendants filed their pre-motion application, plaintiff requested the opportunity to confer, expressing the view that the parties might thereby informally resolve certain claims, saving scarce resources. Defendants declined to do so and proceeded to file their letter without discussion. Nevertheless, upon due consideration, plaintiff is prepared to discontinue his *Monell* and stop and search claims, further diminishing any justification for the needless expense of time and resources that fully briefing defendants' futile arguments would require.

      Thank you for your attention to this matter.

                                      Respectfully submitted,

                                      *Baree Fett*
                                      Baree N. Fett

Encl.

cc:    Angharad Wilson, Esq.