UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JEMAL EARLE,

                Plaintiff,

    -against-

CITY OF NEW YORK; NYPD Police Officer ANTHONY RIVELLI, Shield No. 9204; NYPD Police Officer DAVID PEREZ, Shield No. 18864; NYPD Sergeant STEVEN CROZIER, Shield No. 2379; NYPD Police Officer MARC A. RUDON, Shield No. 3362; NYPD Police Officer ANTHONY M. O'TOOLE; NYPD Police Officer ROHAN L. SHAW, Shield No. 772; Officer JOSEPH VEGA, ID. No. 577021; Officer STEVEN FIGUEROA, ID. No. 645205; Officer PHILIP PECORARO, ID. No. 086521; Officer WALLACE C. GRAY, IV, ID. No. 003461; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                Defendants.

[PROPOSED] JOINT PRETRIAL ORDER

16 CV 171 (SJ) (RML)

---

1. <u>Caption</u>:

The full caption of the action appears above. If it should please the Court, plaintiff withdrew certain claims and the Court dismissed certain others during summary judgment practice, resulting in the following amended caption:

   Jemal Earle v. Police Officer Anthony Rivelli

2. <u>Parties and Counsel</u>:

Counsel for Plaintiff:
[trial counsel to be determined]
Elefterakis, Elefterakis & Panek

    80 Pine Street, 38th Floor
    New York, New York 10005
    Office: 212-532-1116
    Fax: 212-532-1176

    Counsel for Defendants:

    Angharad K. Wilson
    (with co-counsel to be assigned)
    New York City Law Department
    100 Church Street
    New York, NY 10007
    Tel: (212) 356-2572
    Fax: (212) 356-3509
    awilson@law.nyc.gov

3. <u>Jurisdiction:</u>

    Plaintiff: Jurisdiction is predicated upon 28 U.S.C §§ 1331 and 1343.

    Defendant: Defendant does not dispute subject matter jurisdiction.

4. <u>Claims and Defenses:</u>

    Claims to be tried (each brought pursuant to 42 U.S.C. § 1983):[1]

    a. False Arrest
    b. Unreasonable Force
    c. Malicious Prosecution
    d. Denial of the Constitutional Right to a Fair Trial
    e. First Amendment Retaliation

---

[1] Defendant intends to move *in limine* to preclude any evidence supporting plaintiff's claims for malicious prosecution, denial of the right to a fair trial, and First Amendment retaliation.

Plaintiff respectfully submits that the Court's Individual Rules do not call for the parties to identify anticipated motions *in limine* in the proposed joint pretrial. Mr. Earle thus objects to defendant's improper inclusion of anticipated *in limine* motions herein. Plaintiff further notes that the claims on which defendant purports to move *in limine* have been properly asserted in the second amended complaint and defendant's summary judgment motion on these claims was already considered and denied by the Court. Defendant does not provide any explanation for his anticipated motion, but it would appear to lack a good faith basis.

Defenses being asserted:

1. Defendant Rivelli has not violated any rights, privileges or immunities secured to Plaintiff by the Constitution or laws of the United States or of the State of New York or any political subdivision thereof, nor has defendant Rivelli violated any act of Congress providing for the protection of civil rights.

2. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendant Rivelli.

3. Plaintiff provoked any incident.

4. Defendants Rivelli has not violated any clearly established constitutional or statutory right of which a reasonable person would have known, and therefore, is entitled to qualified immunity.

5. Any force used was reasonable, necessary and justified.

6. There was probable cause for plaintiff's arrest and prosecution.

7. Plaintiff has failed to mitigate his alleged damages.

Claims previously asserted, which are not to be tried:

a. Unlawful Stop and Search
b. Monell
c. Failure to Intervene

Defenses to claims previously asserted, which are not to be tried:

1. There was reasonable suspicion, probable cause and/or exigent circumstances for any alleged stop or search.

2. Punitive damages cannot be assessed against defendant City of New York.

5. <u>Jury or Bench Trial:</u>

The trial will be by jury. It is anticipated that trial will require two to three Court days, exclusive of deliberations.

6. <u>Consent to Trial by a Magistrate Judge:</u>

The parties have not consented to a trial of this matter by a Magistrate Judge.

7. <u>Stipulations (proposed):</u>

    a. Plaintiff was arrested on February 20, 2014 and spent 28 hours in custody before being released.

8. <u>Witnesses:</u>

    <u>Plaintiff's Witnesses</u>:

    a. Jemal Earle – Plaintiff (in person);
    b. Anthony Rivelli- Defendant and Police Officer (in person);
    c. David Perez – Police Officer (in person);
    d. Steven Crozier – Sergeant (in person);
    e. Marc Rudon – Police Officer (in person);
    f. Rohan Shaw – Police Officer (in person);
    g. Nicole Bell (in person);[2]
    h. Allah Brown (in person);
    i. NYPD/QDA/Queens Criminal Court Custodian of Records (to be called only to the extent exhibits cannot be admitted by stipulation) (in person); and
    j. Christopher Green (in person).[3]

    <u>Defendants' Proposed Witnesses:</u>

    1. Police Officer Anthony Rivelli
    2. Police Officer David Perez
    3. Police Officer Marc Rudon

---

[2] Defendant intends to move *in limine* to preclude the testimony of Ms. Bell and Mr. Brown on the basis that neither individual has personal information regarding the incident.

Plaintiff respectfully refers the Court to Footnote 1. Plaintiff submits that Ms. Bell and Mr. Brown were properly designated as damages witnesses and are competent to testify.

[3] Defendant intends to move *in limine* to preclude the testimony of Mr. Green on the basis that he was not disclosed by plaintiff pursuant to Fed. R. Civ. P. 26.

Plaintiff respectfully refers the Court to Footnote 1. As plaintiff will explain in his *in limine* briefing, defendant himself designated this individual as a trial witness.

Defendants reserve the right to call any of the proposed witnesses listed by Plaintiff and also reserve the right to call additional witnesses for purposes of rebuttal and/or impeachment.

9. Deposition Testimony:

Deposition Testimony to Be Offered by Plaintiff on His Case in Chief:
Plaintiff intends to offer the following deposition testimony by defendant Rivelli: page 69, line 4 through page 73, line 23. To the extent any witness is unavailable at the time of trial, plaintiff intends to offer deposition testimony to the extent permitted under the Federal Rules. Plaintiff also intends to use witnesses' deposition testimony on cross-examination as permitted under the Rules.

Defendant Rivelli objects to plaintiff's use of deposition testimony of any witness, including especially any non-party witness, unless plaintiff has made a showing that the witness is unavailable as defined by Rule 804 of the Federal Rules of Evidence. Defendant Rivelli further objects to plaintiff's use of the identified testimony on the basis that it is not relevant pursuant to Rule 402 of the Federal Rules of Evidence and that it is prejudicial, confusing, and a waste of time pursuant to Rule 403 of the Federal Rules of Evidence.

Defendant's Deposition Designations: Defendant Rivelli is not designating any prior sworn testimony for his case-in-chief, but respectfully reserves the right to utilize deposition testimony in any manner authorized by the Federal Rules of Evidence and the Federal Rules of Civil Procedure should it become necessary, e.g. for impeachment.

10. Exhibits:

a) For any stipulations, please *see* § 7 *supra*.
b) Exhibits to Be Offered by Plaintiff

Plaintiff reserves the right to move to redact any inadmissible portion(s) of an exhibit offered by any party. Plaintiff further reserves the right to utilize deposition testimony in any manner authorized by the Federal Rules of Evidence and Federal Rules of Civil Procedure.

| Ex # | Description | Stipulated? | Objection[4] |
|---|---|---|---|
| 1 | Video footage from DMV | Yes | |
| 2 | Department of Motor Vehicles Traffic Violations Bureau Hearing Transcript dated February 20, 2014, P1-10 | | FRE 802[5] (hearsay) |
| 3 | Memo book entry, defendant officer Rivelli, February 20, 2014; P11, D12-13, D44-45, D54-55 (all copies) | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) |
| 4 | Memo book entry, defendant officer Perez, February 20, 2014; P12-P14 (all copies) | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) |
| 5 | Omni form arrest report, February 20, 2014, P15-P17 | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) |

---

[4] Defendant reserves the right to amend and/or supplement their objections until after Plaintiff produces pre-marked exhibits. Defendant further reserves the right to use any exhibits listed by Plaintiff.

Plaintiff objects to Footnote 4 inasmuch as plaintiff identified his exhibits by Bates range and has thereby provided defendant with a reasonable opportunity to review the exhibits being offered for trial. Plaintiff also reserves the right to use any exhibits listed by defendant.

[5] If it should please the Court, this objection is improper insofar as defendant has listed the identical document in his exhibit list.

| | | | |
|---|---|---|---|
| 6 | Scratch arrest report, P18 | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) |
| 7 | Perez Criminal court complaint, February 20, 2014, P21-P22; D7-8, D18-19, D24-25 (all copies) | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) |
| 8 | Rivelli Criminal court complaint, March 4, 2016, D16-17, D27 (all copies) | | FRE 802 (hearsay) |
| 9 | Black & white photographs, depicting the location and layout of the subject area, P23-P35 | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time) |
| 10 | Arrest Report for Plaintiff dated February 20, 2014 - D1-3 (all copies) | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) |
| 11 | OLPA, D4-5 | | FRE 403 (prejudice, confusion, waste of time) |
| 12 | Certificate of Disposition, D6 | | FRE 402 (relevance); FRE 403 |

7

| | | | |
|---|---|---|---|
| | | | (prejudice, confusion, waste of time); 802 (hearsay) |
| 13 | Criminal Court Action Sheet, D9-11 | | FRE 403 (prejudice, confusion, waste of time), 802 (hearsay) |
| 14 | Queens DA Jacket, D14 | | FRE 403 (prejudice, confusion, waste of time), 802 (hearsay) |
| 15 | DA file documents, D20, 22-23, D27, D50-53 | | FRE 402 (relevance), FRE 403 (prejudice, confusion, waste of time), FRE 802 (hearsay) |
| 16 | Command Log Entry, D57 | | FRE 802 (hearsay) |
| 17 | CCRB File No. 2013-04499, D350-762[6] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 802 (hearsay) |

---

[6] Defendant intends to move *in limine* to preclude this exhibit. Plaintiff objects and respectfully refers the Court to Footnote 1.

| 18 | IAB Resume Excerpt for defendant Rivelli, IA No. 06-06205, D1035[7] | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 802 (hearsay) |
|---|---|---|---|
| 19 | Sgt. Crozier memo-book entry, D1566-67 (all copies) | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) |

Defendant's Proposed Exhibits:

| Exhibit Number | Exhibit Description | Plaintiff's Objections |
|---|---|---|
| A | Video of Incident | No objection |
| B | Transcript of 2/20/2014 Hearing | No objection |
| C | Excerpt from 2/20/2014 105th Precinct Command Log | No objection |
| D | Workplace Violence Report | Plaintiff objects pursuant to FRE 403 (prejudice, confusion, waste of time), FRE 602 (lacks foundation), FRE 802 (hearsay) |

---

[7] Defendant intends to move *in limine* to preclude this exhibit. Plaintiff objects and respectfully refers the Court to Footnote 1.

9

Dated:   June 4, 2020
             Brooklyn, New York

                                                      Respectfully submitted,
                                                             /s/
                                              Baree N. Fett
                                              Gabriel P. Harvis
                                              Elefterakis, Elefterakis & Panek
                                              80 Pine Street, 38th Floor
                                              New York, New York 10005
                                              bfett@eeplaw.com
                                              gharvis@eeplaw.com
                                              (212) 532-1116
                                              (212) 532-1176 (fax)

                                              *Attorneys for plaintiff Jemal Earle*


                                              /s/
                                              Angharad Wilson
                                              New York City Law Department
                                              100 Church Street
                                              New York, New York 10007
                                              awilson@law.nyc.gov
                                              (212) 356-2572
                                              (212) 788-9776 (fax)

                                              *Attorneys for defendant Anthony Rivelli*


SO ORDERED:


_____
HON. STERLING JOHNSON, JR.
U.S. DISTRICT JUDGE