No. 16 CV 0171 (SJ)(RML)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK


JEMAL EARLE,

                                                            Plaintiff,

                            -against-

ANTHONY RIVELLI,

                                                            Defendant.


DEFENDANT'S MOTIONS IN LIMINE


*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendant Anthony Rivelli*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Angharad K. Wilson*
*Tel:  (212) 356-2572*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................ iii

PRELIMINARY STATEMENT ....................................................................... 1

POINT I

       PLAINTIFF SHOULD BE PRECLUDED FROM
       OFFERING DEFENDANT RIVELLI'S DEPOSITION
       TESTIMONY ON HIS CASE-IN-CHIEF.............................................1

POINT II

       PLAINTIFF SHOULD BE PRECLUDED FROM
       INTRODUCING EXHIBITS OF UNRELATED
       DISCIPLINARY ALLEGATIONS ........................................................ 3

POINT III

       PLAINTIFF SHOULD BE PRECLUDED FROM
       OFFERING EVIDENCE CONCERNING THE FACT
       THAT HIS WIFE IS THE FORMER FIANCEE OF SEAN
       BELL....................................................................................................... 7

POINT IV

       PLAINTIFF SHOULD BE PRECLUDED FROM
       OFFERING TESTIMONY OF NICOLE BELL AND
       ALLAH BROWN AS TO THE UNDERLYING
       INCIDENT AND/OR DAMAGES.......................................................... 8

POINT V

       PLAINTIFF SHOULD BE PRECLUDED FROM
       OFFERING TESTIMONY OF CHRISTOPHER GREEN
       BECAUSE HE WAS NOT DISCLOSED AS A
       POTENTIAL WITNESS AND HE HAS NO PERSONAL
       KNOWLEDGE OF THE ALLEGED INCIDENT................................. 9

POINT VI

       PLAINTIFF SHOULD BE PRECLUDED FROM
       OFFERING DOCUMENTS FROM THE DISTRICT
       ATTORNEY'S FILE AND THE CRIMINAL COURT

ACTION SHEET BECAUSE THEY ARE HEARSAY
AND WILL LIKELY LEAD TO JURY CONFUSION...................................... 10

POINT VII

THE CAPTION SHOULD BE AMENDED TO REMOVE
THE CITY OF NEW YORK, AND PLAINTIFF SHOULD
BE PRECLUDED FROM REFERRING TO DEFENSE
COUNSEL AS "CITY ATTORNEYS" AND OFFERING
EVIDENCE OF INDEMNIFICATION ............................................................... 11

POINT VIII

PLAINTIFF SHOULD BE PRECLUDED FROM
REQUESTING A PARTICULAR DOLLAR AMOUNT
AT TRIAL ......................................................................................................... 13

POINT IX

PLAINTIFF SHOULD BE PRECLUDED FROM
MENTIONING THE NEW YORK CITY POLICE
DEPARTMENT PATROL GUIDE...................................................................... 14

CONCLUSION........................................................................................................................ 16

# TABLE OF AUTHORITIES

**Cases**          **Pages**

Berkovich v. Hicks,
   922 F.2d 1018 (2d Cir. 1991)....................................................................5

Consorti v. Armstrong World Industries, Inc.,
   72 F.3d 1003, 1016 (2d Cir. 1995)..........................................................13

Ebewo v. Martinez,
   309 F. Supp. 2d 600 (S.D.N.Y. 2004).......................................................9

Figueroa v. Boston Sci. Corp.,
   00 Civ. 7922 (DC), 2003 U.S. Dist. LEXIS 10936 (S.D.N.Y. June 25, 2003) .........................7

Galapo v. City of New York,
   95 N.Y.2d 568 (N.Y. 2000) .....................................................................14

Hernandez v. Kelly,
   No. 09-CV-1576 (TLM) (LB), 2011 U.S. Dist. LEXIS 57114 (E.D.N.Y. May
   27, 2011) .............................................................................................12

Huddleston v. United States,
   485 U.S. 681 (1988)................................................................................5

Jean-Laurent v. Hennessy,
   No. 05-CV-1155 (KAM) (LB), 2011 U.S. Dist. LEXIS 122767 (E.D.N.Y.
   Oct. 24, 2011) ......................................................................................12

Jean-Laurent v. Wilkinson,
   No. 05 Civ. 0583 (VM), 2009 U.S. Dist. LEXIS 20472 (S.D.N.Y. Mar. 13,
   2009) ............................................................................................. 12-13

Lombardo v. Stone,
   No. 99 Civ. 4603 (SAS), 2002 U.S. Dist. LEXIS 1267 (S.D.N.Y. Jan. 29,
   2002) ....................................................................................................5

Maryland v. Macon,
   472 U.S. 463 (1985)................................................................................4

Mathie v. Fries,
   121 F.3d 808 (2d Cir. 1997)...................................................................12

Mileski v. Long Island R.R. Co.,
   499 F.2d 1169 (2d Cir. 1974)..................................................................13

Patterson v. Balsamico,
    440 F.3d 104 (2d Cir. 2006)...................................................................9

Richmond v. General Nutrition Ctrs., Inc.,
    08 Civ. 3577 (PAE)(HBP), 2012 U.S. Dist. LEXIS 32070 (S.D.N.Y. Mar. 9,
    2012) .........................................................................................................7

Ricketts v. City of Hartford,
    74 F.3d 1397 (2d Cir. 1996)..................................................................4

Romero v. County of Lake,
    60 F.3d 702 (10th Cir. 1995) ...............................................................14

Smith v. Freland,
    954 F.2d 343 (6th Cir. 1992) ...............................................................14

Swift v. Mauro,
    No. 04-CV-899 (NAM)(GJD), 2008 U.S. Dist. LEXIS 52203 (N.D.N.Y. July
    7, 2008) .....................................................................................................5

United States v. Aminy,
    15 F.3d 258 (2d Cir. 1994)....................................................................4

United States v. Perez,
    325 F.3d 115 (2d Cir. 2003)..................................................................4

## **Statutes**

Fed. R. Civ. P. 26(a) ....................................................................................9

Fed. R. Civ. P. 37(c) ....................................................................................9

Fed. R. Evid. 402 .............................................................................. 12, 14-15

Fed. R. Evid. 403 ............................................................3, 7-8, 10, 12, 14-15

Fed. R. Evid. 404(b)............................................................................ 4-5, 10

Fed. R. Evid. 602 ..........................................................................................8

Fed. R. Evid. 802 .................................................................................2, 6, 10

## PRELIMINARY STATEMENT

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against Detective Anthony Rivelli. Trial is scheduled to commence on December 8, 2020 on the following claims: false arrest, malicious prosecution, denial of the right to a fair trial, excessive force, and First Amendment retaliation.

Defendant Detective Rivelli now seeks the following *in limine* relief: (1) to preclude plaintiff from introducing deposition testimony from Detective Rivelli as part of his case-in-chief; (2) to preclude plaintiff from offering evidence of unrelated disciplinary allegations; (3) to preclude plaintiff from referring to the fact that his wife is the former fiancée of Sean Bell; (4) to preclude testimony of plaintiff's wife and pastor regarding the underlying events and/or plaintiff's damages; (5) to preclude the testimony of Christopher Green because he was not included in plaintiff's initial disclosures; (6) to preclude Plaintiff from introducing documents from the Queens DA file and the criminal court file; (7) to remove the City of New York from the caption, to preclude referring to defense counsel as "City Attorneys," and to preclude any evidence that the City may indemnify the individual defendant; (8) to preclude plaintiff from requesting a specific dollar amount at trial; and (9) to preclude plaintiff from introducing sections of the NYPD Patrol Guide. Further, City Defendants respectfully reserve the right to object to any *in limine* motions submitted by plaintiff and to file supplemental motions *in limine*.

## POINT I

### PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING DEFENDANT RIVELLI'S DEPOSITION TESTIMONY ON HIS CASE-IN-CHIEF.

Plaintiff intends to offer an excerpt from the deposition testimony of Detective Rivelli on his case-in-chief. The deposition testimony, which was attached to the Joint Pre-Trial Order,

reflects Detective Rivelli's speculation as to why the criminal prosecution against Plaintiff was dismissed by the Queens County District Attorney's Office ("QDA") and mentions the fact that plaintiff's wife, Nicole Bell, the former fiancée of Sean Bell, is a well-known activist. This deposition testimony should be precluded because it does not inform the question of whether plaintiff's constitutional rights were violated, and it is hearsay, prejudicial, and will be confusing to a jury. Additionally, in light of the fact that Detective Rivelli will be testifying in person at trial, introduction of the transcript is unnecessarily cumulative.

First, defendant can only assume that plaintiff intends to introduce the evidence to support his contention that the criminal prosecution against him was favorably terminated. However, regardless of Detective Rivelli's speculation as to why the prosecution was dismissed, he clearly testified that he did not actually know why the criminal case was dismissed and, further, there is no testimony indicating that anyone at QDA ever told him why it was dismissed. Therefore, plaintiff cannot establish the favorable termination prong of the malicious prosecution standard via introduction of the transcript and, accordingly, the evidence is irrelevant. Second, Detective Rivelli's description of what he was told by an assistant district attorney is clearly inadmissible hearsay. See Fed. R. Evid. 802. Third, as discussed more fully in Point III, to the extent that the deposition testimony mentions the fact the plaintiff's wife is the former fiancée of Sean Bell, it would be prejudicial to defendant due to the highly inflammatory nature of Mr. Bell's death, including that it was a police involved shooting that resulted in a number of criminal prosecutions against police officers. Fourth, because neither the portion of the transcript that reflects Detective Rivelli's speculation regarding the dismissal basis, nor mention of Nicole Bell, is relevant to resolving any of the alleged claims herein, introduction of the transcript excerpts will likely confuse jurors, as they will not understand why the evidence is being offered.

Finally, as Detective Rivelli will be testifying in person, introduction of portions of his deposition transcript is unnecessary and cumulative. See Fed. R. Evid. 403.

## POINT II

## PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING EXHIBITS OF UNRELATED DISCIPLINARY ALLEGATIONS.

Plaintiff has listed on the Joint Pre-Trial Order as exhibits an excerpt of Detective Rivelli's Internal Affairs Bureau ("IAB") resume, and the file of an unrelated Civilian Complaint Review Board ("CCRB") investigation.[1] The IAB resume excerpt reflects various allegations for excessive force, improper search, and disputed arrests against Detective Rivelli, some dating back as far as fifteen years. The CCRB investigation concerns allegations by complainant, Christopher Green, that Detective Rivelli and several other non-party NYPD officers unlawfully stopped his car and frisked him, and that Detective Rivelli used a racial slur against Green. It appears that both of these exhibits are being proffered in order to suggest that Detective Rivelli harbors racial animus and that racial animus was a motivating factor in the underlying incident, and that Detective Rivelli, generally, abuses his discretion as an officer. The evidence should be excluded as irrelevant, prejudicial, and improper propensity evidence.

First, the evidence is irrelevant. Regarding the CCRB investigation, defendant notes that the underlying stop of plaintiff's car is not at issue in this matter – in fact, plaintiff was found guilty of the underlying traffic infraction that bought the parties into contact. Moreover, there is no allegation that Detective Rivelli used any racial epithets against plaintiff, nor is there an Equal

---

[1] Plaintiff has also listed Christopher Green, the complainant in the CCRB investigation as a witness. In addition to the fact that any testimony offered by Mr. Green concerning his unrelated CCRB allegation would be irrelevant and overly prejudicial, plaintiff never identified Green in his initial disclosures and, accordingly, his testimony should be precluded as set forth in Point V below.

Protection claim based on race. Furthermore, probable cause is an objective standard, so an officer's motives in making an arrest are irrelevant. <u>Maryland v. Macon</u>, 472 U.S. 463, 470-71 (1985) ("whether a Fourth Amendment violation has occurred turns on an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time and not on the officer's actual state of mind at the time the challenged action was taken" (internal quotations and citations omitted)). As such, the evidence should be precluded.

Second, in addition to the irrelevancy of the disciplinary documents, plaintiff should be precluded from introducing the listed exhibits, eliciting testimony concerning any of the disciplinary investigations reflected on the resume or the CCRB investigation, or attempting to elicit evidence concerning any other allegations of misconduct against defendant Rivelli or any other police officer listed as witnesses, because such evidence is improper propensity evidence and unduly prejudicial pursuant to Federal Rules of Evidence 404(b) and 403.

Rule 404(b) prohibits the use of evidence of past acts "to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Moreover, even where evidence of past acts is offered for a proper purpose,[2] it is only admissible if the acts are sufficiently similar to the act at issue in the instant matter. <u>See</u> <u>United States v. Perez</u>, 325 F.3d 115, 129 (2d Cir. 2003) (quoting 22 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5245 (1978)) ("Similarity, being a matter of relevancy, is judged by the degree in which the prior act approaches near identity with the elements of the offense charged."); <u>Ricketts v. City of Hartford</u>, 74 F.3d 1397, 1414 (2d Cir. 1996) (reasoning that it would be an abuse of discretion to admit similar act evidence at trial if the prior act was not sufficiently similar); <u>cf.</u> <u>United States v. Aminy</u>, 15 F.3d 258, 260 (2d Cir. 1994) (admitting evidence of other acts

---

[2] Rule 404(b) permits the use of evidence of past acts for "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b).

because sufficient similarity showed relevance).

Further, bad act evidence of a sufficiently similar nature is not automatically admissible even where the proponent has articulated some not-for-character purpose. As the Supreme Court held in Huddleston v. United States, 485 U.S. 681, 688 (1988), the decision to admit evidence under Rule 404(b) depends on "whether the danger of unfair prejudice [substantially] outweighs the probative value of the evidence in view of the availability of other means of proof and other factors appropriate for making decisions of this kind under Rule 403." Thus, Rule 404(b) requires a two-part analysis: first, whether the proposed evidence fits within one of the exceptions provided by the Rule, and, second, whether under Rule 403 the probative value is substantially outweighed by the potential for jury confusion or prejudice. Lombardo v. Stone, No. 99 Civ. 4603 (SAS), 2002 U.S. Dist. LEXIS 1267, at *8 (S.D.N.Y. Jan. 29, 2002); see also Advisory Committee Notes to Fed. R. Evid. 404(b).

As an initial matter, it clear that the purpose of introducing this evidence would be to suggest to the jury that Detective Rivelli has a propensity to act in a racially discriminatory manner or that he has a pattern of engaging in unconstitutional conduct, including, but not limited to unlawful car stops. The evidence should be excluded on this basis alone. See e.g., Berkovich v. Hicks, 922 F.2d 1018 (2d Cir. 1991) (upholding the exclusion at trial of all references to the defendant police officers' history of prior civilian complaints pursuant to 404(b) and 403 of the Federal Rules of Evidence); Swift v. Mauro, No. 04-CV-899 (NAM) (GJD), 2008 U.S. Dist. LEXIS 52203, *2-3 (N.D.N.Y. July 7, 2008) (excluding evidence of complaints, internal affairs reports, and notices of claim on grounds that such testimony was not related to the truthfulness of plaintiff's allegations and probative value was slight).

Nonetheless, even if plaintiff could articulate a proper purpose for the disciplinary

evidence under 404(b), which he cannot, the evidence should still be excluded because it is dissimilar in nature to the allegations here and is substantially more prejudicial than probative and is, thus, inadmissible pursuant to Rule 403. As set forth above, there are no allegations that the underlying incident was the result of racial animus and, at least concerning the CCRB investigation, there are no allegations of an unlawful car stop; accordingly, the intended evidence is dissimilar to the claims alleged in the complaint. Further, admitting evidence of these unrelated, dissimilar complaints would unfairly prejudice Detective Rivelli. The very fact that there are other allegations of misconduct is, in itself prejudicial, since it could influence a jury's credibility assessment of the detective. The evidence is also prejudicial since its introduction would require Detective Rivelli to explain the particular facts and circumstances of the unrelated incidents – essentially turning into mini-trials of Detective Rivelli's disciplinary history – which would in turn confuse and distract the jury from the ultimate issue of whether Detective Rivelli violated plaintiff's constitutional rights in *this* case.[3] Thus, any purported similar act evidence offered by plaintiff is inadmissible, and plaintiff should be precluded from introducing defendant's disciplinary history or inquiring about unrelated allegations of misconduct at trial.

For the same reasons set forth above, plaintiff should also be precluded from proffering evidence or eliciting testimony regarding any non-party officer witnesses' prior or subsequent disciplinary complaints or lawsuits. These individuals are not defendants in this matter, and are not subject to liability herein, thus, the probative value of any prior or subsequent disciplinary complaints or lawsuits is extremely low or non-existent while the prejudicial effect of this evidence is high. The danger of confusion and prejudice clearly outweigh the probative value of

---

[3] Similarly, unrelated allegations of misconduct are inadmissible hearsay pursuant to Fed. R. Evid. 802.

any non-party's disciplinary record.  <u>Id</u>.  As such, this evidence should be also precluded pursuant to Fed. R. Evid. 403.[4]

**POINT III**

**PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE CONCERNING THE FACT THAT HIS WIFE IS THE FORMER FIANCEE OF SEAN BELL.**

Plaintiff's wife, Nicole Bell, is the former fiancée of Sean Bell, who died after he was shot by NYPD officers in a highly publicized incident in 2006 that led to the prosecution of several of the involved officers. Given the notoriety of the Sean Bell case, and sympathy that Nicole Bell continues to invoke to this day, it would be highly prejudicial to Detective Rivelli for any witness to mention Nicole Bell's connection to the unrelated police involved shooting of Mr. Bell. Because any references to Sean Bell would only serve to inflame the jury against the defendant Rivelli and the New York City Police Department, and the shooting is wholly irrelevant to the resolution of claims herein, plaintiff should be precluded from mentioning or eliciting the fact that plaintiff's wife is the former fiancée of Sean Bell.

---

[4] Courts in this Circuit have applied the same analysis to prior civil lawsuits, finding that the probative value of introducing prior lawsuits is outweighed by the prejudicial effect such evidence could have and its potential to confuse the jury.  <u>See</u> <u>Richmond v. General Nutrition Ctrs., Inc.</u>, 08 Civ. 3577 (PAE)(HBP), 2012 U.S. Dist. LEXIS 32070, at *31 (S.D.N.Y. Mar. 9, 2012) (precluding the introduction of evidence of lawsuits against defendant because "the risk of unfair prejudice and confusion from introducing documents reflecting allegations in other cases clearly outweighs the probative value of such claims."); <u>see</u> <u>also</u> <u>Figueroa v. Boston Sci. Corp.</u>, 00 Civ. 7922 (DC), 2003 U.S. Dist. LEXIS 10936, at *11 (S.D.N.Y. June 25, 2003) (finding that the probative value of introducing evidence of other lawsuits is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, and considerations of undue delay and waste of time.").

## POINT IV

**PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING TESTIMONY OF NICOLE BELL AND ALLAH BROWN AS TO THE UNDERLYING INCIDENT AND/OR DAMAGES.**

Plaintiff lists his wife, Nicole Bell, and his pastor Allah Brown in the Joint Pretrial Order as witnesses who will testify at trial. The subject matter of their proposed testimony has not been specified, but neither of these witnesses was present at the time of plaintiff's interaction with Detective Rivelli. Under Fed. R. Evid. 602, a witness may only testify if that witness has personal knowledge of the matter. Neither of these individuals has personal knowledge of plaintiff's interaction with Detective Rivelli, as they were not present for the events in the DMV. Moreover, any testimony Bell or Brown could give as to plaintiff's allegations regarding the events leading up to  his interaction with Detective Rivelli or the interaction itself would constitute inadmissible hearsay, since they would simply be repeating what plaintiff told them - impermissibly bolstering plaintiff's testimony.  <u>See</u> Fed. R. Evid.  403.

Similarly, plaintiff should be precluded from offering Bell's and Brown's testimony on the issue of damages. Plaintiff is not claiming any emotional damages beyond garden variety damages, which he is competent to testify to himself.  Any testimony from his wife or his pastor as to his emotional damages would just be cumulative and would constitute further bolstering of plaintiff's own testimony. <u>See</u> Fed. R. Evid. 403. The same applies to plaintiff's allegations of physical injuries, which according to his own testimony were limited to a scratch on his ear, for which he did not seek medical attention. Plaintiff himself may testify as to those injuries – Bell's and Brown's testimony would only be cumulative and bolster plaintiff's own testimony as to his

injuries and, further, would be of little to no value since neither witness can testify as to how the scratch was sustained.

## POINT V

**PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING TESTIMONY OF CHRISTOPHER GREEN BECAUSE HE WAS NOT DISCLOSED AS A POTENTIAL WITNESS AND HE HAS NO PERSONAL KNOWLEDGE OF THE ALLEGED INCIDENT.**

Plaintiff intends to call Christopher Green as a witness. As mentioned in Point II above, Green filed a CCRB complaint against Detective Rivelli alleging that his car was unlawfully stopped and that Detective Rivelli called him a racial slur. It cannot be disputed that Green has no personal knowledge of the underlying incident. Additionally, Green's testimony should be precluded because plaintiff never disclosed him as required by Fed. R. Civ. P. 26(a)(1)(A)(i).

Where a party fails to provide information required by Fed. R. Civ. P. 26(a), that party is not allowed to use that information at a hearing or trial unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). "The purpose of the rule is to prevent the practice of "sandbagging" an opposing party with new evidence." Ebewo v. Martinez, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004) (precluding expert report not timely disclosed prior to motion practice for summary judgment). In determining whether preclusion is warranted, "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006).

First, plaintiff has offered no explanation as to why Green was not previously disclosed.

Second, the anticipated testimony is wholly unimportant as it is simply propensity evidence and does not speak to the resolution of the alleged constitutional violations. Moreover, third, it would be extremely prejudicial to require Detective Rivelli to defend against this unanticipated testimony that is not relevant to the facts of the underlying case. Finally, fourth, a continuance would not remedy the fundamental issues with this witness – that he lacks any relevant personal knowledge and his anticipated testimony is clearly impermissible propensity evidence pursuant to Fed. R. Evid. 404(b).

**POINT VI**

**PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING DOCUMENTS FROM THE DISTRICT ATTORNEY'S FILE AND THE CRIMINAL COURT ACTION SHEET BECAUSE THEY ARE HEARSAY AND WILL LIKELY LEAD TO JURY CONFUSION.**

Plaintiff has listed the criminal court action sheet pertaining to his underlying criminal matter, the cover of the District Attorney's file, and several printouts from the District Attorney's database on his exhibit list on the Joint Pre-Trial Order. As an initial matter, all of these documents are hearsay and should therefore be precluded pursuant to Fed. R. Evid. 802. Further, they should be precluded because they are likely to confuse a jury pursuant to Fed. R. Evid. 403. The QDA file jacket and the criminal court action sheet are both handwritten documents that purportedly record, in abbreviations, what occurred in a court proceeding. During discovery, plaintiff did not depose any QDA representative concerning the content of any of the intended evidence, including what any of the abbreviations means. As a result, a jury of laypeople without any background in criminal prosecutions or court proceedings will not be able to interpret these documents, leading to jury confusion. Similarly, without the necessary explanation, the DA Alerts Sheet, NYPD Court Verification/Arraignment Card, and Pre-Arraignment Notification

Report are also difficult to interpret and likely to confuse a jury of laypeople. Moreover, much, if not all, of the information contained in these forms is duplicative of information contained elsewhere – in a much easier format to understand – and, therefore, these exhibits are also unnecessarily cumulative and are therefore a waste of time.

## POINT VII

**THE CAPTION SHOULD BE AMENDED TO REMOVE THE CITY OF NEW YORK, AND PLAINTIFF SHOULD BE PRECLUDED FROM REFERRING TO DEFENSE COUNSEL AS "CITY ATTORNEYS" AND OFFERING EVIDENCE OF INDEMNIFICATION.**

The City of New York should be removed from the caption because it is no longer a defendant and failure to so remove would prejudice Detective Rivelli, the only remaining defendant, since it could lead to a jury to award damages based on the belief that the City would pay any judgment rather than based on the evidence. Additionally, plaintiff should be precluded from referring to defense counsel as City attorneys and/or introducing evidence of potential indemnification by the City for the same reason.

Plaintiff voluntarily dismissed his *Monell* claim against the City of New York in his opposition to defendants' letter-motion for a pre-motion conference on September 14, 2018. Further, plaintiff has not pled a claim of *respondeat superior*, nor has he brought any claims under state law or complied with the conditions precedent to permit such claims. Thus, the City should be removed from the caption simply because it is not a defendant herein. Moreover, leaving the City in the caption and/or permitting plaintiff to mention that the City of New York was previously a defendant would be unnecessary and would only serve to confuse the jury since it is irrelevant to resolution of the disputed claims herein. Furthermore, allowing mention of the previous party status of the City in either the caption or testimony would be highly prejudicial to

Detective Rivelli, the only remaining defendant, because a jury might be inclined to deliver a liability verdict, regardless of whether Detective Rivelli is actually liable, and/or award plaintiff more money under the assumption that the City of New York is a "deep pocket" who can afford to pay a higher judgment than the individual officer would be able to on his own.

Relatedly, the same prejudice would occur if plaintiff is permitted to inform the jury that the attorneys for Detective Rivelli are employed by the government as "City attorneys." See Hernandez v. Kelly, No. 09-CV-1576 (TLM) (LB), 2011 U.S. Dist. LEXIS 57114, at *17-18 (E.D.N.Y. May 27, 2011) (where the City was not a defendant, precluding plaintiff from referring to the City and directing him to refer to defense counsel as attorneys from the Office of Corporation Counsel); Jean-Laurent v. Hennessy, No. 05-CV-1155 (KAM) (LB), 2011 U.S. Dist. LEXIS 122767, at *45-46 (E.D.N.Y. Oct. 24, 2011) (same). Accordingly, Detective Rivelli respectfully requests that defense counsel be referred to as precisely that, "defense counsel," or "attorneys from the Office of the Corporation Counsel."

Finally, plaintiff should also be precluded from introducing any evidence concerning indemnification. Indemnification has no bearing on whether plaintiff was falsely arrested, maliciously prosecuted, and/or subjected to excessive force, and further, is irrelevant to issue of damages and would only serve to unfairly prejudice Detective Rivelli. Therefore, pursuant to Fed. R. Evid. 402 and 403, plaintiff should not be allowed to introduce or otherwise refer to the possibility that the City of New York will indemnify Detective Rivelli. See Mathie v. Fries, 121 F.3d 808, 816 (2d Cir. 1997) (the existence of an indemnification agreement is relevant only where the individual defendants adduce evidence of their personal financial resources at trial);[5] see also Jean-Laurent v. Wilkinson, No. 05 Civ. 0583 (VM), 2009 U.S. Dist. LEXIS 20472, at *8

_____

[5] Detective Rivelli will not proffer evidence regarding his personal financial resources and ability to pay punitive damages at trial.

(S.D.N.Y. Mar. 13, 2009) (precluding admission at trial of evidence of potential indemnification of defendant police officers by the City of New York).

Accordingly, (1) the jury should not be advised of the fact that the City of New York was a defendant for a period of time in this matter and it should be removed from the caption; (2) defense counsel should not be referred to as City attorneys; and (3) plaintiff should be precluded from introducing evidence concerning possible indemnification by the City.

## POINT VIII

### PLAINTIFF SHOULD BE PRECLUDED FROM REQUESTING A PARTICULAR DOLLAR AMOUNT AT TRIAL.

While the Second Circuit has not adopted a flat prohibition of suggesting a specific dollar amount, it does disfavor specifying target amounts for the jury to award. Consorti v. Armstrong World Industries, Inc., 72 F.3d 1003, 1016 (2d Cir. 1995). Such suggestions unlawfully anchor the jurors' expectations of a fair award at a place set by counsel, rather than by the evidence. Id.. See also Mileski v. Long Island R.R. Co., 499 F.2d 1169, 1172 (2d Cir. 1974)("A jury with little or no experience in such matters, rather than rely upon its own estimates and reasoning, may give undue weight to the figures advanced by plaintiff's counsel . . ."). The Court in Consorti went on to state:

> A jury is likely to infer that counsel's choice of a particular number is backed by some authority or legal precedent. Specific proposals have a real potential to sway the jury unduly. . . . We encourage trial judges to bar such recommendations.

Consorti, 72 F.3d at 1016. As such, plaintiff should be precluded from suggesting a specific dollar amount to the jury during his opening statement, during the testimony of any witness and/or during summation.

<u>**POINT IX**</u>

**PLAINTIFF SHOULD BE PRECLUDED FROM MENTIONING THE NEW YORK CITY POLICE DEPARTMENT PATROL GUIDE.**

Plaintiff should be precluded from referring to and offering any evidence of NYPD procedure or patrol guide provisions. Alleged violations of NYPD procedure by the defendant is irrelevant to the determination of whether plaintiff's constitutional rights were violated. This is especially true in this case where there is no evidence in the record to establish that any of the defendants violated NYPD procedure pertaining to their interaction with plaintiff. Thus, any NYPD procedure or patrol guide provision should be precluded pursuant to Fed. R. Evid. 402 and 403.

First, the standards set forth as per NYPD procedure are merely guidelines established by the New York City Police Department and are not the standards of the United States Constitution. In light of plaintiff's claims that his constitutional rights were violated, any NYPD guidelines, whether or not followed to the letter, are irrelevant to the determination of whether plaintiff's constitutional rights were violated. <u>See</u> <u>Smith v. Freland</u>, 954 F.2d 343, 347 (6th Cir. 1992) ("[u]nder § 1983, the issue is whether [the officer] violated the Constitution, not whether he should be disciplined by the local police force. A city can certainly choose to hold its officers to a higher standard than that required by the Constitution without being subjected to increased liability under § 1983"); <u>Romero v. County of Lake</u>, 60 F.3d 702, 705 (10th Cir. 1995) ("violations of state law and police procedure generally do not give rise to a 1983 claim"); <u>see also</u> <u>Galapo v. City of New York</u>, 95 N.Y.2d 568, 574-75 (N.Y. 2000) (NYPD Patrol Guide should be excluded from evidence because it does not create legal duties). Since NYPD

procedure does not create legal duties, it is irrelevant to the determination of whether plaintiff's constitutional rights were violated and should therefore be precluded under Fed. R. Evid. 402.

Second, any reference to alleged "violations" of NYPD procedure, meaning that defendants did not follow the exact guidelines, would only confuse the jury. The jury will be called upon to determine whether Detective Rivelli violated plaintiff's constitutional rights, which is to be evaluated by the jury under the Fourth Amendment standard. If the jury is presented with the proffered portions of NYPD procedure, it is likely to wrongly assume that NYPD procedure sets out the standard by which they are to evaluate defendant's alleged unconstitutional actions, notwithstanding a contrary instruction from the Court. It is certainly in the realm of possibility that an officer could follow NYPD procedure and still violate an individual's constitutional rights or not follow NYPD procedure and not violate an individual's rights. Therefore, any reference to alleged "violations" of NYPD procedure are irrelevant, unfairly prejudicial, and would only confuse the issues and the jury. Accordingly, the Patrol Guide, as well as testimony regarding NYPD procedure, should therefore be precluded pursuant to Fed. R. Evid. 402 and 403.

## CONCLUSION

For the foregoing reasons defendant respectfully request that the Court grant defendant's motions in limine to preclude certain evidence, along with other such relief that the Court finds just and proper.

Dated:      New York, New York
             October 13, 2020

> JAMES E. JOHNSON
> Acting Corporation Counsel of the
> City of New York
> *Attorney for Defendant Rivelli*
> 100 Church Street
> New York, New York 10007
> (212) 356-2572

By: _____
             Angharad K. Wilson
             *Senior Counsel*

To:    Counsel of Record (Via ECF)