## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

JEMAL EARLE,

                    Plaintiff,

        -against-

Police Officer ANTHONY RIVELLI,

                    Defendant.

**16 CV 171 (SJ) (RML)**

**PLAINTIFF'S PROPOSED VOIR DIRE**

Plaintiff Jemal Earle respectfully submits the following proposed *voir dire* questions:

1. Are you, or is anyone you are close to, affiliated with, employed by or involved in any type of law enforcement agency such as the NYPD or otherwise?

2. Are you, or is anyone you are close to, employed by the City of New York?

3. Do you have any bias or negative feelings about the civil justice system where aggrieved parties bring lawsuits for monetary compensation?

4. Do you have any bias or negative feelings about lawsuits brought against law enforcement agencies or police officers?

5. Do you have any bias or negative feelings concerning people who have been arrested and taken into police custody that would affect your ability to fairly evaluate evidence they offer at trial?

6. Do you think that someone who has been arrested and taken into police custody is automatically less credible than a police officer?

7. If there is a dispute between a police officer and a person under arrest concerning whether or not an event took place, without more information, can you promise

that you are equally open to both possibilities and would be impartial in deciding which version of the dispute the evidence supports?

8. Are you open to the possibility that a police officer could abuse his power of a person in their custody and then deny that they ever committed any wrongdoing?

9. Do you agree that people in police custody should have legal remedies against police officers who abuse their power or cause them unnecessary physical harm?

10. If the law defines the term 'excessive force' and you find the evidence supports the claim that a police officer used excessive force against a person under police custody, would you ever excuse that violation or give the police officer a 'free pass', for any reason?

11. Are you open to the possibility that a person might lie, in documents or even in Court, to protect themselves against having to take responsibly for wrongful conduct?

12. Do you have any problem with awarding someone who has been injured due to the excessive force of a police officer an amount of money which fairly compensates them for their injuries?

13. Do you have any problem with the concept of punitive damages awards, or money awards designed to punish a defendant for egregious conduct and/or to reform or deter the defendant and others from engaging in conduct similar to that which formed the basis of the lawsuit? If appropriate, would you have any hesitation to award a substantial sum of money for punitive damages?

14. If after hearing the evidence and law, you decide that the plaintiff is entitled to substantial monetary compensation, would you have any problem awarding a fair sum, even if you objectively define that sum as being 'a lot of money'? For example, and strictly as a hypothetical, if you felt the plaintiff, based on the evidence and law, was entitled to one hundred million dollars in compensation, would you have any hesitation to award that sum based solely on the fact that it is a lot of money?

Dated:     New York, New York
           October 21, 2020


                              ELEFTERAKIS, ELEFTERAKIS & PANEK

                              _____
                              Gabriel P. Harvis
                              80 Pine Street, 38th Floor
                              New York, New York 10005
                              (212) 532-1116
                              gharvis@eeplaw.com

                              *Attorneys for plaintiff*