16-cv-171 (SJ)(RML)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JEMAL EARLE,

                              Plaintiff,

- against -

NATHAN CAVADA,

                              Defendant.

**OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE**

***JAMES E. JOHNSON***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Angharad K. Wilson*
*Tel:  (212) 356-2572*
*Matter No. 2016-002376*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................... 1

POINT I

DEFENDANT DOES NOT INTEND TO ELICIT OR OFFER TESTIMONY REGARDING PLAINTIFF'S PRIOR FAMILY COURT PROCEEDINGS, MISDEMEANOR CONVICTION, OR PRIOR SUSPENSIONS OF PLAINTIFF'S DRIVER'S LICENSE UNLESS PLAINTIFF OPENS THE DOOR TO INTRODUCTION OF SUCH EVIDENCE. .................................................................. 2

POINT II

DEFENDANT SHOULD NOT BE PRECLUDED FROM OFFERING THE WORKPLACE VIOLENCE REPORT. ............................. 3

POINT III

PLAINTIFF SHOULD NOT BE PERMITTED TO QUESTION NON-PARTY OFFICERS THROUGH THE USE OF LEADING QUESTIONS ........................................................................... 5

POINT IV

DEFENDANT SHOULD BE ALLOWED TO INTRODUCE EVIDENCE OF HIS COMMENDATIONS OR AWARDS IF PLAINTIFF IS ALLOWED TO INTRODUCE EVIDENCE OF DEFENDANTS' UNRELATED DISCIPLINE. ............................................. 6

POINT V

THE ISSUE OF WHETHER THE JURY SHOULD BE CHARGED ON PUNITIVE DAMAGES IS PREMATURE; ALTERNATIVELY, THE JURY SHOULD NOT BE CHARGED ON PUNITIVE DAMAGES. ................................................... 7

**Page**

POINT VI

    THE JURY SHOULD BE INSTRUCTED AS TO NOMINAL DAMAGES IN THE JURY CHARGE. ..............................................................................8

CONCLUSION............................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases** **Pages**

Atlas Marine Co. v. Forsikrings-Aksjeselskapet Norske Triton,
   No. 92-CV-4746 (RPP), 1995 U.S. Dist. LEXIS 12068
   (S.D.N.Y. Aug. 22, 1995) ............................................................................................ 6

Cameron v. City of New York,
   598 F.3d 50 (2d Cir. 2010) .......................................................................................... 7

Carey v. Piphus,
   435 U.S. 247 (1978) .................................................................................................... 8

Jackson v. City of White Plains,
   05-cv-0491 (NSR), 2016 U.S. Dist. LEXIS 6469 (S.D.N.Y. Jan. 19, 2016) ............. 6

Kerman v. City of New York,
   374 F.3d 93 (2d Cir. 2004) ..................................................................................... 8, 9

McCann v. Coughlin,
   698 F.2d 112 (2d Cir. 1983) ....................................................................................... 8

McCardle v. Haddad,
   131 F.3d 43 (2d Cir. 1997) ......................................................................................... 7

Patterson v. Balsamico,
   440 F.3d 104 (2d Cir. 2006) ....................................................................................... 4

Perry v. Ethan Allen, Inc.,
   115 F.3d 143 (2d Cir. 1997) ....................................................................................... 7

Randolph v. Metro. Transp. Auth.,
   No. 17-cv-1433 (DLC), 2019 U.S. Dist. LEXIS 62148
   (S.D.N.Y. Apr. 10, 2019) ............................................................................................ 9

SEC v. World Info. Tech., Inc.,
   250 F.R.D. 149 (S.D.N.Y. 2008) ............................................................................... 6

Smith v. Wade,
   461 U.S. 30 (1983) ...................................................................................................... 7

Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.,
   118 F.3d 955 (2d Cir. 1997) ....................................................................................... 4

United Yellow Cab Drivers Ass'n v. Safir,
   98 CV 3670 (WHP), 2002 U.S. Dist. LEXIS 4866
   (S.D.N.Y. Mar. 22, 2002) ........................................................................................... 8

**Page**

**Statutes**

42 U.S.C. § 1983 ................................................................................................................8

Fed. R. Evid. 611 ................................................................................................................5

Fed. R. Evid. 611(c) ............................................................................................................6

Fed. R. Evid. 611(c)(2) .......................................................................................................5

Fed. R. Evid. 803(6) ...........................................................................................................4

Fed. R. Evid. 902(11) ......................................................................................................4, 5

Fed. R. Evid. 902(12) .........................................................................................................4

N.Y. Labor Law §27-b ........................................................................................................5

Rule 26 .......................................................................................................................1, 3, 4

**PRELIMINARY STATEMENT**

Defendant submits this opposition to Plaintiff's motions in limine in advance of the trial in this matter, which is currently scheduled to begin on December 8, 2020. In response to Plaintiff's motions in limine: (1) unless Plaintiff testifies or otherwise introduces evidence indicating that he has never been arrested, been the subject of a order of protection, or that suspensions of his driver's license were out of character, Defendant does not intend to introduce evidence regarding Plaintiff's prior conviction, Family Court case, or license suspensions; (2) the Workplace Violence Report – which Plaintiff identified in his own Rule 26 disclosures – should not be precluded; (3) Plaintiff should not be allowed to examine non-party witnesses through the use of leading questions as he has not established that the witnesses are adverse; (4) unless Plaintiff is permitted to introduce evidence of the Defendant's or non-party witnesses' disciplinary histories, Defendant does not intend to introduce any evidence of commendations or awards received by him or the NYPD witnesses; (5) Plaintiff's motion concerning punitive damages is not a proper in limine motion; regardless, the jury should not be charged on punitive damages; and (6) Plaintiff's motion concerning nominal damages is also an improper in limine motion; regardless, nominal damages are allowable on a false arrest claim.[1]

---

[1] Plaintiff also seeks to exclude any testimony and/or evidence pertaining to the Sean Bell case, as Defendant has also moved to preclude any such evidence, Defendant does not oppose this motion.

## POINT I

**DEFENDANT DOES NOT INTEND TO ELICIT OR OFFER TESTIMONY REGARDING PLAINTIFF'S PRIOR FAMILY COURT PROCEEDINGS, MISDEMEANOR CONVICTION, OR PRIOR SUSPENSIONS OF PLAINTIFF'S DRIVER'S LICENSE UNLESS PLAINTIFF OPENS THE DOOR TO INTRODUCTION OF SUCH EVIDENCE.**

Plaintiff has moved to preclude Defendant from mentioning or eliciting testimony regarding Plaintiff's prior bad acts – specifically, he has moved to preclude evidence of Plaintiff's 2002 conviction for assault in the third degree, prior family court proceedings, and suspensions of his driver's license. Defendant does not intend to elicit testimony or offer any other evidence of these prior acts in his case-in-chief. However, should Plaintiff suggest to the jury that he was never previously arrested or that he was never the subject of an order of protection, Defendant reserves the right to elicit such evidence on cross-examination. Additionally, to the extent that Plaintiff opens the door to introduction of evidence related to his driving record by suggesting that it would be out of character for him to violate the traffic laws, or in any other manner attempts to challenge the underlying traffic ticket for which Plaintiff was appearing in court on the date of the incident,[2] Defendant reserves the right to introduce evidence related to the history of suspensions of Plaintiff's driver's license.

---

[2] Defendant reminds the Court that Plaintiff was found guilty of the underlying traffic infraction, and accordingly, the issuance of the traffic ticket is irrelevant since there is no claim in this matter regarding the constitutionality of the ticket.

2

## POINT II

### DEFENDANT SHOULD NOT BE PRECLUDED FROM OFFERING THE WORKPLACE VIOLENCE REPORT.

Plaintiff has moved to preclude a document entitled the Workplace Violence Report that Defendant has listed on the Joint Pre-Trial Order. As the Court is aware, there were a number of eyewitnesses present during the underlying incident. One such eyewitness was an employee of the Department of Motor Vehicles ("DMV") who was working at the time. Subsequent to the incident and, upon information and belief, as part of the ordinary course of business, said employee completed the subject Workplace Violence Report detailing what he observed. Despite the fact that Plaintiff listed this report on his own initial disclosures, he now moves to preclude introduction of the report. The motion should be denied.

Plaintiff's primary argument for preclusion of the report is that Plaintiff did not have the opportunity to depose the individual whose account is memorialized in the form. Plaintiff, however, ignores the fact that *he* produced this document as part of his initial disclosures in this matter, thus, Plaintiff cannot genuinely assert that he was unaware of the existence of the document or the identity of the individual who drafted it. Further, since Plaintiff has clearly been aware of the witness's identity throughout this litigation, Plaintiff certainly could have deposed the witness during the course of discovery in this matter but, strategically, chose not to do so. Therefore, Plaintiff's contention that he would somehow be prejudiced by the introduction of evidence which he himself disclosed simply because Defendant did not also disclose the evidence on his disclosure is both unavailing and disingenuous.

Regardless, even if Defendant did not identify the document on his Rule 26 disclosure, it should not be excluded. In determining whether preclusion is warranted the Court should weigh "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the

importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006) (citing Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc., 118 F.3d 955, 961 (2d Cir. 1997)). First, identification of document seemed unnecessary since Plaintiff identified it on his own Rule 26 disclosure. Second, besides the parties, none of the live witnesses listed on the JPTO witnessed the incident prior to the physical interaction between the parties, as such, the document is of great import since it reflects the observations of a neutral party to the events preceding the physical altercation. Third, there is no prejudice to Plaintiff because the document is not new evidence. Fourth, as the trial is not scheduled to commence until six weeks from now, in the event that the Court is inclined to allow it, plaintiff has ample opportunity to depose the witness who drafted the report without the need to adjourn the trial.[3]

Finally, as to the authenticity of the document, it is a business record and as such, falls within a hearsay exception pursuant to Fed. R. Evid. 803(6) for records of a regularly conducted activity. A record qualifies as a record of a regularly conducted activity if: (1) it was made at or near the time of the event by someone with knowledge or with information transmitted by someone with knowledge; (2) it was kept in the ordinary course of a regularly conducted activity of a business; (3) making the record was a regular practice of that activity; (4) the document is certified in compliance with Fed. R. Evid. 902(11) or (12); (5) there is no showing that the source or information or the method of preparation indicate a lack of trustworthiness. This document meets all of these requirements. First, it was made on the date of the incident with

---

[3] Defendant also notes that due to the COVID-19 pandemic, it is unclear if civil trials will be taking place in EDNY prior to the start of 2021. Accordingly, plaintiff would have a significant amount of time to depose the witness should the Court be inclined to allow him to do so.

information from an eyewitness to these events. Second, it was kept in the ordinary course of business at the Department of Motor Vehicles. Third, as the Workplace Violence Report is a record required to be prepared pursuant N.Y. Labor Law §27-b, it is a record that is a regular practice of the Department of Motor Vehicle. Fourth, Defendant will obtain a certification that complies with Fed. R. Evid. 902(11) prior to the trial, or otherwise call a witness to authenticate the document as a business record at trial. Finally, Plaintiff has made no showing that either the source of the information or the method of its collection indicate untrustworthiness. Defendant should thus be allowed to use the Workplace Violence Report for any permissible purpose at trial.

## POINT III

### PLAINTIFF SHOULD NOT BE PERMITTED TO QUESTION NON-PARTY OFFICERS THROUGH THE USE OF LEADING QUESTIONS.

Plaintiff seeks to ask leading questions on direct examination of non-party officers who may testify at the trial. Plaintiff has listed non-party Police Officers David Perez, Marc Rudon, and Rohan Shaw and Sergeant Steven Crozier as witnesses that he expects to call at trial. Federal Rule of Evidence 611 prohibits the use of leading questions on direct examination, unless the person being examined is a hostile witness or a witness identified with an adverse party. Fed. R. Evid. 611(c)(2).

Although these non-party officers are employed by the NYPD, there has been no showing that they are either hostile or identified with the Defendant in this matter – indeed, some of the intended witnesses did not even know Defendant as of the date of the underlying incident and none of them were assigned to the same command as Defendant. Accordingly, at most, the Court should reserve decision until the trial testimony is taken, at which time the court can re-

visit the issue, if any non-party officer "evidences hostility, bias, or recalcitrance during his testimony." SEC v. World Info. Tech., Inc., 250 F.R.D. 149, 151 (S.D.N.Y. 2008) (witness who had entered into consent judgment with SEC was not necessarily "adverse" to SEC within the meaning of Rule 611(c)); see also Jackson v. City of White Plains, 05-cv-0491 (NSR), 2016 U.S. Dist. LEXIS 6469, at *21 (S.D.N.Y. Jan. 19, 2016) (where plaintiff provided "scant evidence" of the witnesses' lack of cooperation, hostility, bias or recalcitrance, motion in limine to ask leading questions held in abeyance until the court could view the witnesses' demeanor at trial); Atlas Marine Co. v. Forsikrings-Aksjeselskapet Norske Triton, No. 92-CV-4746 (RPP), 1995 U.S. Dist. LEXIS 12068, *29 (S.D.N.Y. Aug. 22, 1995) (reserving until trial any decision on motion to ask leading questions).

## POINT IV

**DEFENDANT SHOULD BE ALLOWED TO INTRODUCE EVIDENCE OF HIS COMMENDATIONS OR AWARDS IF PLAINTIFF IS ALLOWED TO INTRODUCE EVIDENCE OF DEFENDANTS' UNRELATED DISCIPLINE.**

Plaintiff seeks to prevent Defendant from offering evidence of awards and commendations he or other police witnesses have received, while simultaneously seeking to introduce evidence of Defendant's unrelated, irrelevant disciplinary history. Credibility of the Plaintiff and Defendant are central questions for the jury in this matter. If the jury is allowed to hear unrelated, irrelevant disciplinary allegations against Defendant, it would be proper for the Defendant to rebut that improper propensity testimony with evidence of commendations or awards. Defendant does not intend to affirmatively introduce evidence of any commendations or award received by Defendant or other NYPD witnesses. However, to the extent that Plaintiff is permitted to introduce evidence of Defendant's disciplinary history, Defendant reserves the right

6

to introduce evidence of commendations or awards received by Defendant in order to rebut unrelated propensity evidence.

## POINT V

**THE ISSUE OF WHETHER THE JURY SHOULD BE CHARGED ON PUNITIVE DAMAGES IS PREMATURE; ALTERNATIVELY, THE JURY SHOULD NOT BE CHARGED ON PUNITIVE DAMAGES.**

Plaintiff has moved to prevent bifurcation of the determination of the amount of punitive damages at trial. As an initial matter, whether the jury will be charged on the issue of punitive damages and, if so, at what point, is not an evidentiary matter to be decided at the motions in limine stage and, accordingly, Plaintiff's motion should be denied or held in abeyance until the charging conference. Nonetheless, punitive damages are inappropriate in this action since there is no evidence in the record of any malicious behavior by Defendant.

A party is not entitled to have the court give the jury an instruction for which there is no factual predicate in the trial record. See, e.g., McCardle v. Haddad, 131 F.3d 43, 52 (2d Cir. 1997), citing Perry v. Ethan Allen, Inc., 115 F.3d 143, 153 (2d Cir. 1997). In order to justify an award of punitive damages, the defendant's unlawful conduct must surpass a certain threshold. See McCardle, 131 F.3d at 52, citing Smith v. Wade, 461 U.S. 30, 56 (1983). Punitive damages are not appropriate in this action where there is no factual predicate—and there will be no evidence in the trial record—that Defendant's conduct was "motived by evil motive or intent" or that Defendant acted with callous indifference to the federally protected right of Plaintiff. Cameron v. City of New York, 598 F.3d 50, 69 (2d Cir. 2010). Defendant's conduct, which consisted of hitting Plaintiff once, resulting in no serious injuries to Plaintiff, giving his account

7

of what occurred to fellow officers and the prosecutor, and signing off on court paperwork simply cannot justify a charge on or the finding of punitive damages.

## POINT VI

### THE JURY SHOULD BE INSTRUCTED AS TO NOMINAL DAMAGES IN THE JURY CHARGE.

As with the issue of punitive damages, addressed at Point V above, whether the jury will be charged on the issue of nominal damages is not an evidentiary matter to be decided at the motions in limine stage. Accordingly, Plaintiff's motion regarding nominal damages should be denied or held in abeyance until the charging conference. However, to the extent that the Court wishes to decide the issue of the jury charge at this juncture, the jury should be charged on nominal damages.

"It is well established that to collect compensatory damages in an action brought pursuant to 42 U.S.C. § 1983, a plaintiff must prove more than a mere violation of his constitutional rights. He must also demonstrate that the constitutional deprivation caused him some actual injury." United Yellow Cab Drivers Ass'n v. Safir, 98 CV 3670 (WHP), 2002 U.S. Dist. LEXIS 4866, at *31-32 (S.D.N.Y. Mar. 22, 2002) (citing McCann v. Coughlin, 698 F.2d 112, 126 (2d Cir. 1983) (citations omitted)). Plaintiffs who prove a mere violation of constitutional rights without proving both causation and actual injury are, at most, entitled only to nominal damages. Id. (citing Carey v. Piphus, 435 U.S. 247, 263, 266-67 (1978)).

Despite the well-settled principle that a Plaintiff must prove that he is entitled to compensatory damages, relying on Kerman v. City of New York, 374 F.3d 93 (2d Cir. 2004), Plaintiff argues that the jury should not be instructed as to nominal damages in this case because a plaintiff who is deprived of liberty due to an unlawful arrest is always entitled to compensatory, rather than nominal, damages. Plaintiff misreads Kerman. In Kerman, a new trial

8

was granted because the trial court failed to instruct the jury that the plaintiff could be awarded compensatory damages for his loss of liberty, as distinct from other damages related to his false arrest claim. See, Kerman, 374 F.3d at 129. Kerman does not stand for the absolute proposition that only compensatory damages can be awarded in the context of a false arrest claim – Plaintiff is still required to prove that he suffered an actual injury and that it was caused by the violation of his rights. See, Randolph v. Metro. Transp. Auth., No. 17-cv-1433 (DLC), 2019 U.S. Dist. LEXIS 62148, at *24 (S.D.N.Y. Apr. 10, 2019) (noting "[t]he jury is not required to award compensatory damages when it finds that a plaintiff was falsely arrested. The burden remains on the plaintiff to prove that the illegal conduct proximately caused the damages plaintiff seeks"). Plaintiff's argument that the jury should not be instructed as to nominal damages should be rejected.

Moreover, even if Plaintiff's interpretation of Kerman were correct – which it is not – there are several additional claims other than false arrest in this matter on which the jury should be charged as to nominal damages – malicious prosecution, denial of the right to a fair trial, excessive force, and First Amendment retaliation. Therefore, the jury should be charged as to nominal damages on this basis as well.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's motions in limine, along with other such relief that the Court finds just and proper.

Dated:     New York, New York
           October 26, 2020

                                          JAMES E. JOHNSON
                                        Corporation Counsel of the
                                        City of New York
                                        *Attorney for Defendant Rivelli*
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 356-2572

By: _/s/ Angharad Wilson_
          Angharad K. Wilson
          *Senior Counsel*

To:   Counsel of Record (Via ECF)

10