16-cv-171 (SJ)(RML)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JEMAL EARLE,

                              Plaintiff,

- against -

ANTHONY RIVELLI,

                              Defendant.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTIONS IN LIMINE**

***JAMES E. JOHNSON***
*Corporation Counsel of the City of New York*
   *Attorney for Defendants*
   *100 Church Street*
   *New York, N.Y. 10007*

   *Of Counsel: Angharad K. Wilson*
   *Tel: (212) 356-2572*
   *Matter No. 2016-002376*

i

# TABLE OF AUTHORITIES

**Cases**                                                                                                                       **Pages**

Consorti v. Armstrong World Industries, Inc.,
   72 F.3d 1003 (2d Cir. 1995)..................................................................................................6

Edwards v. City of New York,
   No. 08-2199 (TLM), 2011 U.S. Dist. LEXIS 75300 (E.D.N.Y. July 13, 2011).......................7

Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.,
   146 F.3d 66, 70 (2d Cir. 1998)..............................................................................................4

Nnodimele v. Derienzo,
   No. 13-CV-3461 (ARR)(RLM), 2016 US. Dist. LEXIS 83357 (E.D.N.Y. June
   27, 2016) ...............................................................................................................................7

Soto v. City of New York,
   13-cv-8474 (KBF), 2017 U.S. Dist. LEXIS 223692 (S.D.N.Y. Dec. 1, 2017).........................7


**Statutes**

Fed. R. Evid. 402 ........................................................................................................................7

Fed. R. Evid. 403 .....................................................................................................................5, 7

Fed. R. Civ. P. 26........................................................................................................................5

## PRELIMINARY STATEMENT

Defendant submits this reply in further support of his motions in limine in advance of the trial in this matter, which is currently scheduled to begin on December 8, 2020. Contrary to the arguments raised in Plaintiff's opposition: (1) Plaintiff should be precluded from offering the selected excerpt from Defendant's deposition testimony regarding what he was told by the prosecutor's office because it is hearsay and, furthermore, plaintiff should not be permitted to designate the prosecutor as a witness on the eve of trial, and well after the close of discovery; (2) the criminal court action sheet should be precluded because it also contains hearsay, as well as information that is not easily discernible and will confuse the jury; (3) Plaintiff should be precluded from offering testimony from Nicole Bell and Allah Brown on the topic of his emotional damages because that testimony would be hearsay, cumulative and bolstering; (4) Plaintiff should not be permitted to suggest a dollar amount of damages to the jury; and (5) Plaintiff should be precluded from the introduction of excerpts from the NYPD Patrol Guide at trial since he has never listed such excerpts as exhibits before now, and furthermore, the Patrol Guide has no bearing on whether defendant violated the constitution.

It appears that both parties have agreed that no reference of any kind to the Sean Bell case, or Plaintiff's wife's connection to it, will be made at the trial and further, that both parties agree that the City of New York (and all other dismissed defendants) should be removed from the caption. Further, Plaintiff takes no position concerning how defense counsel should be referred to during the trial, and does not intend to introduce evidence concerning indemnification unless Defendant offers evidence concerning his ability to pay. Additionally, there are a number of in limine motions that Plaintiff's opposition is entirely silent on. Specifically, Plaintiff has not addressed Defendant's motions in limine to preclude: (1) his or other NYPD officers' disciplinary histories; (2) the testimony of Christopher Green, the complainant in a prior,

unrelated, CCRB investigation; and (3) documents from the criminal court file and the file of the Queens District attorney, other than the criminal court action sheet. Accordingly, these unopposed motions should be granted as unopposed.

## POINT I

### THE EXCERPTS FROM DEFENDANT'S DEPOSITION TESTIMONY SHOULD BE PRECLUDED.

Plaintiff argues that an excerpt from Defendant's deposition transcript should be admitted for the purpose of demonstrating that Plaintiff's case was favorably terminated. Plaintiff further argues that the deposition excerpt is somehow "admissible for a non-hearsay purpose.". Plaintiff is wrong on both counts, and Plaintiff should be precluded from introducing the exhibit at trial, or otherwise eliciting the testimony of same at trial.

Plaintiff asserts that he should be permitted to offer Defendant's testimony about what an individual at the Queens County District Attorney's Office ("QDA") told him regarding the reason why the prosecution was being dismissed.[1] As an initial matter, the deposition testimony is undeniably hearsay since it is an out-of-court statement that Plaintiff intends to offer for its truth, particularly, the reason for the termination of the criminal prosecution. Indeed, Plaintiff says as much as he asserts that the testimony is crucial to establishing the favorable termination element of his malicious prosecution and denial of the right to a fair trial claims. Further, while Plaintiff appears to acknowledge that the testimony is hearsay, Plaintiff attempts to argue that it is "admissible for a non-hearsay purpose." The Court, however, should summarily disregard this

---

[1] Defendant notes that, while Plaintiff's opposition focuses on a short excerpt from Defendant's deposition transcript, Plaintiff actually included a much longer excerpt on the Joint Pre-Trial order, which included testimony on a topic that Plaintiff himself has moved in limine to preclude (Plaintiff's wife's connection to the Sean Bell case).

argument since, unsurprisingly, Plaintiff has not offered a single "non-hearsay purpose" for which the testimony can be introduced.

Moreover, Defendant's testimony, even if it were not hearsay, is at best a paraphrase, followed by speculation: Defendant testified that the individual at QDA "basically said he didn't like the looks of the video" and then went on to testify that he "read between the lines" as to the ADA's meaning – and, accordingly, is not dispositive of whether there was a favorable termination. In fact, introduction of the deposition testimony, as well as any similar testimony elicited at trial, would be highly confusing for a jury since, due to the speculative and ambiguous nature of the testimony, Plaintiff would argue that the testimony establishes a favorable termination while Defendant would argue that it does not. Because the testimony is hearsay and is speculative it should be precluded at trial.

Further, Plaintiff's request to amend the Joint Pre-Trial Order to designate the "declarant" from QDA as a trial witness should be denied because Plaintiff had ample time during discovery, which lasted over a year, to depose an individual from QDA regarding the reason for the dismissal of the case, but chose not to do so. To permit Plaintiff to designate a witness well after the close of discovery, and almost on the eve of trial, would unduly prejudice Defendant since there was no notice that Plaintiff intended to rely on this witness and, accordingly, no discovery concerning this witness was conducted, including a deposition – although Plaintiff has been well aware of the fact that he had the burden of proof of establishing the favorable termination prong of his malicious prosecution and fair trial claims. To expect Defendant to address new evidence and/or testimony for the first time at trial would be unduly prejudicial. Accordingly, Plaintiff should not now be allowed to call the QDA declarant at trial.

# POINT II

## THE EXCERPTS FROM THE CRIMINAL COURT ACTION SHEET SHOULD BE PRECLUDED.

The court action sheet should also be precluded from introduction at trial. Plaintiff contends that the court action sheet is necessary to establish a measure of damages on his malicious prosecution claim, specifically, the number of court appearances made by Plaintiff. Plaintiff, however, conveniently ignores that the court action sheet contains much more information than the number of court appearances attended by Plaintiff. For example, the document contains notations regarding reasons that court dates were adjourned, the various plea offers, and other procedural matters occurring at the each conference. As with the deposition testimony of Defendant, the information contained in the criminal court action sheet is clearly hearsay. The hearsay issue is not resolved by Plaintiff's contention that a court may take judicial notice of the documents filed in another litigation. While Plaintiff is correct that a court may take judicial notice of other court proceedings, judicial notice may only be taken of the existence of the documents, not the facts contained therein. See, e.g., Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998) (finding "[a] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings").

Additionally, to the extent that Plaintiff intends to rely on the action sheet to prove the reason why the criminal prosecution was dismissed (even though Plaintiff has not admitted as much), Plaintiff has not cited to a single case indicating that this is the type of information that a court typically takes judicial notice of. Moreover, regardless, the notation regarding the disposition of the prosecution on the criminal court action sheet is not at all clear as to why the

case was dismissed and, as such, is likely to result in jury confusion as to the significance of the notation and what it means even if the Court were to take notice of the information.

Accordingly, Defendant submits that the vast majority of the court action sheet is inadmissible hearsay, not subject to judicial notice, and will likely be confusing for a jury. Defendant further submits that to the extent that Plaintiff intends to introduce evidence regarding the number of court appearances made during the criminal prosecution he can testify regarding same. Regardless, to the extent that Plaintiff believes that the court action sheet is necessary to establish the number of court appearances, all other information on the sheet should be redacted.

## POINT III

### NICOLE BELL AND ALLAH BROWN SHOULD BE PRECLUDED FROM TESTIFYING BECAUSE THEIR TESTIMONY IS CUMULATIVE AND BOLSTERING.

In his opposition, Plaintiff argues that the testimony of his wife, Nicole Bell, and his deacon, Allah Brown, should not be precluded because those witnesses were disclosed as part of Plaintiff's Initial Disclosures pursuant to Fed. R. Civ. P. 26. However, Defendant's motion in limine concerning these witnesses did not request preclusion based on the fact that these witnesses were undisclosed, nor does Defendant dispute that Plaintiff testified at his deposition that he spoke to these witnesses concerning his injuries. Rather, Defendant's motion in limine requested preclusion of these witnesses because any testimony they could offer about Plaintiff's injuries would be a mere repetition of what Plaintiff told them. Tellingly, Plaintiff does not dispute that Defendant's assertions are correct.

As these witnesses' testimony is hearsay, and would only be cumulative and bolstering, they should be precluded for testifying at trial pursuant to Fed. R. Evid. 403.

## POINT IV

**PLAINTIFF SHOULD NOT BE PERMITTED TO SUGGEST A SPECIFIC DOLLAR AMOUNT.**

In Plaintiff's opposition, he concedes that the requesting of a specific dollar amount from a jury is generally disfavored in the Second Circuit but argues that the Court should use its discretion to allow Plaintiff to suggest a specific dollar amount to the jury nonetheless. As set forth in Defendant's moving papers, Plaintiff should not be allowed to request a specific dollar amount because that suggestion anchors the jurors' expectations as to a fair award to a number set by counsel, rather than based on the evidence presented at the trial and considered by the jury itself. Consorti v. Armstrong World Industries, Inc., 72 F.3d 1003, 1016 (2d Cir. 1995). As such, Plaintiff should not be permitted to suggest a specific dollar amount of damages at any point during the trial.

## POINT V

**PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING SECTIONS OF THE NYPD PATROL GUIDE.**

Finally, Plaintiff's opposition argues that he should be permitted to offer sections of the NYPD Patrol Guide as evidence of how a reasonable officer would conduct himself in a specific set of circumstances. First, it should be noted that Plaintiff has not listed as exhibits any sections of the NYPD Patrol Guide on the Joint Pre-Trial Order, and accordingly, should not be allowed to amend to include such sections at this point since he has not set forth any good reason for why he did not previously designate the documents.[2] Regardless, Plaintiff argues that unspecified Patrol Guide sections related to probable cause, the use of force, and preparation of police

---

[2] Defendant also notes that Plaintiff did not identify any Patrol Guide Sections that he intended to rely on in his Rule 26 disclosures.

documents would assist the jury in determining whether an officer acted reasonably. He further argues that any confusion could be mitigated by an instruction to the jury that the Patrol Guide is not dispositive of any of Plaintiff's claims. The case that Plaintiff cites in support of his argument that the Patrol Guide sections are admissible is inapposite to the present case. In Nnodimele v. Derienzo, No. 13-CV-3461 (ARR)(RLM), 2016 US. Dist. LEXIS 83357, at \*\*45-47 (E.D.N.Y. June 27, 2016), which Plaintiff cites to support the admissibility of the Patrol Guide sections concerns a Daubert motion made to preclude Plaintiff's police practices expert. As part of the court's decisions in that case, it found that, in the context of expert analysis, the Patrol Guide sections were admissible. This stands in marked contrast to the present case, where a jury would be provided with the Patrol Guide sections without any expert analysis as to its relevance or significance.

Here, where the Patrol Guide sections are not being offered in the context of expert testimony, introduction of excerpts from the NYPD Patrol Guide is likely to confuse a jury, as the members of the jury will be required to hold two distinct standards in their heads – the constitutional standards for Plaintiff's various claims versus guidelines set forth by the NYPD. See, Soto v. City of New York, 13-cv-8474 (KBF), 2017 U.S. Dist. LEXIS 223692, at \* 6-7 (S.D.N.Y. Dec. 1, 2017) (precluding the use of Patrol Guide sections in a civil rights claim on relevance grounds pursuant to Fed. R. Evid. 402 and because of the potential for jury confusion pursuant to Fed. R. Evid. 403); see, also, Edwards v. City of New York, No. 08-2199 (TLM), 2011 U.S. Dist. LEXIS 75300, at \*12 (E.D.N.Y. July 13, 2011) (precluding excerpts from the Patrol Guide because they were not relevant to the claims against the individual defendant and because the danger of confusion of the issues substantially outweighed their probative value). Plaintiff should thus be precluded from offering any excerpts from the NYPD Patrol Guide.

7

## **CONCLUSION**

For the foregoing reasons, and for the reasons set forth in Defendant's Motions in Limine, dated October 13, 2020, Defendant respectfully requests that the Court grant Defendant's motions in limine, along with other such relief that the Court finds just and proper.

Dated:     New York, New York
            November 2, 2020

JAMES E. JOHNSON
Corporation Counsel of the
City of New York
*Attorney for Defendant Rivelli*
100 Church Street
New York, New York 10007
(212) 356-2572

By: *Angharad K. Wilson*

Angharad K. Wilson
*Senior Counsel*

To:    Counsel of Record (Via ECF)