UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JEMAL EARLE,

        Plaintiff,

-against-

Police Officer ANTHONY RIVELLI,

        Defendant.

16 CV 171 (SJ) (RML)

REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF PLAINTIFF'S MOTIONS *IN LIMINE*

**Elefterakis, Elefterakis & Panek**
80 Pine Street, 38th Floor
New York, New York 10005

*Attorneys for plaintiff*

November 2, 2020

# TABLE OF AUTHORITIES

### Cases

*Kerman v. City of New York,* 374 F.3d 93 (2d Cir. 2004) .................................. 2
*Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50 (E.D.N.Y. 2012) ................................ 1
*Patterson v. Balsamico*, 440 F.3d 104 (2d Cir. 2006) .................................................. 2
*Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123 (2d Cir. 1997) ................................ 3

### Statutes

42 U.S.C. § 1983 ................................................................................................. 3

### Rules

Fed. R. Civ. P. 26(a)(1)(A)(i) ................................................................................ 1
Fed. R. Civ. P. 37 (c)(1) ........................................................................................ 1

## ARGUMENT

### POINT I

### THE WORKPLACE VIOLENCE REPORT MUST BE PRECLUDED

In his opposition to plaintiff's *in limine* motion, defendant Rivelli argues that the "Workplace Violence Report," a hearsay-within-hearsay document prepared by individuals who have never been disclosed as potential trial witnesses or deposed, is admissible because plaintiff produced it in discovery. *See* Def. Opp. Mem. at pp. 3-5. This argument fails.

Initially, defendant concedes that he never identified the putative authors of this document pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i) or listed them as witnesses in the Joint Pre-Trial Order. *Id.* This is fatal to defendant's position inasmuch as the document contains multiple layers of hearsay and cannot be authenticated or admitted without the testimony of the undisclosed authors. In concealing his intention to call such witnesses, the defendant has violated Rule 26 to plaintiff's prejudice and the exhibit must be precluded. *See Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 72–73 (E.D.N.Y. 2012) ("[T]o satisfy Rule 26, parties must make an unequivocal statement that they may rely upon an individual on a motion or at trial.") (collecting cases); Fed. R. Civ. P. 37 (c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply

evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *Patterson v. Balsamico*, 440 F.3d 104, 118 (2d Cir. 2006) (affirming preclusion of testimony by undisclosed witnesses).

Second, defendant's statements in opposition lack support. There is nothing in the record to suggest that the putative witness observed the disputed events or was "disinterested" as defense counsel asserts. Further, there is no indicia of reliability – the statement at issue is, in fact, contradicted by the objective video surveillance evidence. If it should please the Court, such were matters to be explored in discovery. Given that defendant failed to comply with his disclosure obligations and plaintiff was thus deprived of the opportunity to take discovery as to the statement and its authors, prelusion is warranted. *Id.*

## POINT II

### PUNITIVE DAMAGES MUST BE CHARGED AND IT WOULD BE ERROR TO CHARGE NOMINAL DAMAGES ON THE FALSE ARREST CLAIM

The Second Circuit has held that where a plaintiff has been deprived of his liberty as a result of false arrest, he must be awarded compensatory – and not merely nominal – damages. *Kerman v. City of New York,* 374 F.3d 93, 124 (2d Cir. 2004). Defendant concedes this point but argues that the Court should err and present the jury

with a nominal damages option for this claim. Plaintiff respectfully urges the Court to deny defendant's improper request.

With request to punitive damages, there can be no question that the jury should be given the opportunity to award them to plaintiff in its discretion on all claims. Defendant's position to the contrary is based on the false premise that the record is devoid of evidence of malice. But review of the Court's well-reasoned decision at summary judgment dispels such notion. There, the Court identifies disputes of fact regarding whether defendant Rivelli used excessive force in punching plaintiff and then fabricated police reports regarding the incident, causing Mr. Earle to be arrested and prosecuted for approximately fourteen months. Such misconduct, if proven, is inherently malicious, and has been described by the Second Circuit as "unconscionable." *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997) ("When a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.").

Accordingly, the jury should be charged on punitive damages as to all claims but should not be charged on nominal damages as to plaintiff's false arrest claim.

Dated: New York, New York
November 2, 2020

        Elefterakis, Elefterakis & Panek

        *Baree N. Fett*
        _____
        Baree N. Fett
        80 Pine Street, 38th Floor
        New York, New York 10005
        (212) 532-1116
        bfett@eeplaw.com

        *Attorneys for plaintiff*