UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JEMAL EARLE,

                Plaintiff,

-against-

CITY OF NEW YORK; NYPD Police Officer ANTHONY RIVELLI, Shield No. 9204; NYPD Police Officer DAVID PEREZ, Shield No. 18864; NYPD Sergeant STEVEN CROZIER, Shield No. 2379; NYPD Police Officer MARC A. RUDON, Shield No. 3362; NYPD Police Officer ANTHONY M. O'TOOLE; NYPD Police Officer ROHAN L. SHAW, Shield No. 772; Officer JOSEPH VEGA, ID. No. 577021; Officer STEVEN FIGUEROA, ID. No. 645205; Officer PHILIP PECORARO, ID. No. 086521; Officer WALLACE C. GRAY, IV, ID. No. 003461; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                Defendants.

---

16 CV 171 (DG) (RML)

DRAFT JOINT PRETRIAL ORDER

1. <u>Caption</u>:

    The full caption of the action appears above. If it should please the Court, plaintiff withdrew certain claims and the Court dismissed certain others during summary judgment practice, resulting in the following amended caption:

    Jemal Earle v. Police Officer Anthony Rivelli

2. <u>Parties and Counsel</u>:

    Counsel for Plaintiff:
    [Trial Counsel to be Assigned]
    Gabriel P. Harvis
    Baree N. Fett
    Elefterakis, Elefterakis & Panek
    80 Pine Street, 38th Floor
    New York, New York 10005
    Office: 212-532-1116
    Fax: 212-532-1176

Counsel for Defendants:

John Schemitsch
(with co-counsel to be assigned)
New York City Law Department
100 Church Street
New York, NY 10007
Tel: (212) 356-3539
Fax: (212) 356-3509
jschemit@law.nyc.gov

3. <u>Jurisdiction:</u>

   Plaintiff: Jurisdiction is predicated upon 28 U.S.C §§ 1331 and 1343.

   Defendant: Defendant does not dispute subject matter jurisdiction.

4. <u>Claims and Defenses:</u>

   Claims to be tried (each brought pursuant to 42 U.S.C. § 1983):
   a. False Arrest
      Elements: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and, (4) "the confinement was not otherwise privileged.

   b. Unreasonable Force
      Elements: a defendant used more force than necessary.

   c. Malicious Prosecution
      Elements: (1) the initiation or continuation of a criminal proceeding against plaintiff, (2) termination of the proceeding in plaintiff's favor, (3) lack of probable cause for commencing the proceeding, (4) actual malice as a motivation for defendant's actions, and (5) a post-arraignment seizure.

   d. Denial of the Constitutional Right to a Fair Trial
      Elements: (1) a defendant creates or suppresses material evidence, (2) forwards the false evidence to prosecutors or withholds it from them, and (3) plaintiff suffers a deprivation of liberty.

   e. First Amendment Retaliation
      Elements: (1) plaintiff engaged in protected speech, (2) defendant's retaliatory conduct adversely affected that speech and (3) a causal link exists between the conduct and the adverse effect.

Defenses being asserted:

1. There was probable cause for plaintiff's arrest and prosecution, and as such, plaintiff's false arrest, malicious prosecution, and First Amendment retaliation claims fail. See Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996).

2. Any force used was reasonable, necessary and justified, and as such, plaintiff's excessive force and First Amendment retaliation claims fail. See Graham v. Connor, 490 U.S. 386, 396 (1989).

3. Defendant did not falsify evidence and forward same to prosecutors, as such plaintiff's denial of the right to a fair trial claim fails.

4. Defendant Rivelli has not violated any clearly established constitutional or statutory right of which a reasonable person would have known, and therefore, is entitled to qualified immunity. See Gonzalez v. City of Schenectady, No. 11-5403-cv, 2013 U.S. App. LEXIS 17943, **7-8 (2d Cir. Aug. 28, 2013) (citing Taravella v. Town of Wolcott, 599 F.3d 129, 133-34 (2d Cir. 2010)).

5. Defendant Rivelli has not violated any rights, privileges or immunities secured to Plaintiff by the Constitution or laws of the United States or of the State of New York or any political subdivision thereof, nor has defendant Rivelli violated any act of Congress providing for the protection of civil rights.

6. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendant Rivelli.

7. Plaintiff provoked any incident.

8. Plaintiff has failed to mitigate his alleged damages.

Claims previously asserted, which are not to be tried:
a. Unlawful Stop and Search
b. Monell
c. Failure to Intervene

Defenses to claims previously asserted, which are not to be tried:

1. There was reasonable suspicion, probable cause and/or exigent circumstances for any alleged stop or search.

2. Punitive damages cannot be assessed against defendant City of New York.

5. Jury or Bench Trial:

The trial will be by jury. It is anticipated that trial will require two to three Court days, exclusive of deliberations.

3

6. <u>Consent to Trial by a Magistrate Judge:</u>

    The parties have not consented to a trial of this matter by a Magistrate Judge.

7. <u>Statement of relief sought:</u>

    Plaintiff claims the following categories and amounts of damages:

    (a)   1,000,000 in compensatory damages for pain, suffering, emotional distress, lost wages, diminished earning capacity, damage to reputation, loss of familial relations, humiliation, degradation, loss of enjoyment of life and related damages;

    (b) $2,000,000 in punitive damages;

    (c) future medical costs; and

    (d) reasonable attorney fees and costs pursuant to 42 U.S.C § 1988 in an amount to be determined by the Court.

8. <u>Witnesses:</u>

    <u>Plaintiff's Witnesses:</u>

    a. Jemal Earle – Plaintiff (in person);
       To be contacted through plaintiff's counsel
       Will testify as to the facts and circumstances of the arrest, prosecution and damages.

    b. Anthony Rivelli- Defendant and Police Officer (in person);
       100 Church Street, NY, NY (Corporation Counsel)
       Will testify as to the facts and circumstances of the arrest and prosecution.

    c. David Perez – Police Officer (in person);

       100 Church Street, NY, NY (Corporation Counsel)

       Will testify as to the facts and circumstances of the arrest and prosecution.

    d. Steven Crozier – Sergeant (in person);

       100 Church Street, NY, NY (Corporation Counsel)

       Will testify as to the facts and circumstances of the arrest and prosecution.

    e. Marc Rudon – Police Officer (in person);

       100 Church Street, NY, NY (Corporation Counsel)

       Will testify as to the facts and circumstances of the arrest and prosecution.

    f. Rohan Shaw – Police Officer (in person);

       100 Church Street, NY, NY (Corporation Counsel)

    Will testify as to the facts and circumstances of the arrest and prosecution.

g. Nicole Bell (in person);

    To be contacted through plaintiff's counsel
    Will testify as to plaintiff's damages.

h. Allah Brown (in person);

    To be contacted through plaintiff's counsel
    Will testify as to plaintiff's damages.

  i. NYPD/QDA/Queens Criminal Court Custodian of Records (to be called only to the extent exhibits cannot be admitted by stipulation) (in person); and

Defendants' Proposed Witnesses:

1. Police Officer Anthony Rivelli
   To be contacted through defendant's counsel.
   Will testify as to the facts and circumstances of the arrest and prosecution.

2. Police Officer David Perez
   To be contacted through defendant's counsel.
   Will testify as to the facts and circumstances of the arrest and prosecution.

3. Police Officer Marc Rudon
   To be contacted through defendant's counsel.
   Will testify as to the facts and circumstances of the arrest and prosecution.

4. Police Officer Rohan Shaw
   To be contacted through defendant's counsel.
   Will testify as to the facts and circumstances of the arrest and prosecution.

5. Sgt. Steven Crozier
   To be contacted through defendant's counsel.
   Will testify as to the facts and circumstances of the arrest and prosecution.

Defendants reserve the right to call any of the proposed witnesses listed by Plaintiff and also reserve the right to call additional witnesses for purposes of rebuttal and/or impeachment.

9. Deposition Testimony:

Deposition Testimony to Be Offered by Plaintiff on His Case in Chief:
    Plaintiff intends to offer the following deposition testimony by defendant Rivelli: page 69, line 4 through page 73, line 23, which is also annexed hereto as Exhibit 1. To the extent any witness is unavailable at the time of trial, plaintiff intends to offer deposition testimony to the extent permitted under the Federal Rules. Plaintiff also intends to use witnesses' deposition testimony on cross-examination as permitted under the Rules.

Defendant's Deposition Designations: Defendant Rivelli is not designating any prior sworn testimony for his case-in-chief, but respectfully reserves the right to utilize deposition testimony in any manner authorized by the Federal Rules of Evidence and the Federal Rules of Civil Procedure should it become necessary, e.g. for impeachment.  Additionally, defendant Rivelli objects to plaintiff's use of deposition testimony of any witness, including especially any non-party witness, unless plaintiff has made a showing that the witness is unavailable as defined by Rule 804 of the Federal Rules of Evidence. [1]

10. Stipulations:

None.

11. Exhibits:

Exhibits to Be Offered by Plaintiff:

Plaintiff reserves the right to move to redact any inadmissible portion(s) of an exhibit offered by any party. Plaintiff further reserves the right to utilize deposition testimony in any manner authorized by the Federal Rules of Evidence and Federal Rules of Civil Procedure.

| Ex # | Description | Stipulated? | Objection[2] |
|---|---|---|---|
| 1 | Video footage from DMV | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time) |
| 2 | Department of Motor Vehicles Traffic Violations Bureau Hearing Transcript dated February 20, 2014, P1-10 | | FRE 802[3] (hearsay) |

---

[1] Defendant objects to the use of defendant Rivelli's deposition testimony and will be moving *in limine* to seek preclusion, in general as for specific portions of the testimony sought to be introduced. Should the Court deny defendants motion, defendants reserve our right to offer counter designations.

[2] Defendant reserves the right to amend and/or supplement their objections until after Plaintiff produces pre-marked exhibits. Defendant further reserves the right to use any exhibits listed by Plaintiff.

Plaintiff objects to this footnote inasmuch as plaintiff identified his exhibits by Bates range and has thereby provided defendant with a reasonable opportunity to review the exhibits being offered for trial. Plaintiff also reserves the right to use any exhibits listed by defendant.

[3] If it should please the Court, this objection is improper insofar as defendant has listed the identical document in his exhibit list.

| | | | |
|---|---|---|---|
| 3 | Memo book entry, defendant officer Rivelli, February 20, 2014; P11, D12-13, D44-45, D54-55 (all copies) | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time) |
| 4 | Memo book entry, defendant officer Perez, February 20, 2014; P12-P14 (all copies) | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) |
| 5 | Omni form arrest report, February 20, 2014, P15-P17 | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) |
| 6 | Scratch arrest report, P18 | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) |
| 7 | Perez Criminal court complaint, February 20, 2014, P21-P22; D7-8, D18-19, D24-25 (all copies) | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) |
| 8 | Rivelli Criminal court complaint, March 4, 2016, D16-17, D27 (all copies) | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time) |
| 9 | Black & white photographs, depicting the location and layout of the subject area, P23-P35 | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time) |
| 10 | Arrest Report for Plaintiff dated February 20, 2014 - D1-3 (all copies) | | FRE 402 (relevance), 403 |

| | | | |
|---|---|---|---|
| | | | (prejudice, confusion, waste of time), 802 (hearsay); Defendants further object to the extent this is duplicative of the Omni form arrest report, February 20, 2014, P15-P17, listed at item 5. |
| 11 | OLPA, D4-5 | | FRE 402 (relevance); FRE 403 (prejudice, confusion, waste of time) |
| 12 | Certificate of Disposition, D6 | | FRE 402 (relevance); FRE 403 (prejudice, confusion, waste of time); 802 (hearsay) |
| 13 | Criminal Court Action Sheet, D9-11 | | FRE 403 (prejudice, confusion, waste of time), 802 (hearsay) |
| 14 | Queens DA Jacket, D14 | | FRE 403 (prejudice, confusion, waste of time), 802 (hearsay) |
| 15 | DA file documents, D20, 22-23, D27, D50-53 | | FRE 402 (relevance), FRE 403 (prejudice, confusion, waste of time), FRE 802 (hearsay) |
| 16 | Command Log Entry, D57 | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), FRE 802 (hearsay) |

| 17 | CCRB File No. 2013-04499, D350-762 | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 802 (hearsay) |
| --- | --- | --- | --- |
| 18 | IAB Resume Excerpt for defendant Rivelli, IA No. 06-06205, D1035 | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 404 (propensity), 802 (hearsay) |
| 19 | Sgt. Crozier memo-book entry, D1566-67 (all copies) | | FRE 402 (relevance), 403 (prejudice, confusion, waste of time), 802 (hearsay) |

Defendant's Proposed Exhibits:

| Exhibit Number | Exhibit Description | Plaintiff's Objections |
| --- | --- | --- |
| A | Video of Incident | No objection |
| B | Transcript of 2/20/2014 Hearing | No objection |
| C | Excerpt from 2/20/2014 105th Precinct Command Log | No objection |
| D | Workplace Violence Report | Plaintiff objects pursuant to FRE 403 (prejudice, confusion, waste of time), FRE 602 (foundation), FRE 802 (hearsay) |

12. Motions in Limine:

   Plaintiff's Anticipated *In Limine* Motions:
   1. Family court evidence and plaintiff's misdemeanor arrests and conviction should be precluded, along with any mention of license suspensions.
   2. The workplace violence report should be precluded.
   3. Reference to the sean bell case should be precluded.

9

4. Plaintiff should be permitted to examine the officer witnesses through the use of leading questions.
5. Testimony or evidence regarding awards or commendations the defendant or non-party witnesses received during their employment as law enforcement officers should be precluded.
6. The jury should determine at the same time whether punitive damages are appropriate against the defendant and, if so, the amount of punitive damages.
7. Given the facts of this case, the jury should not be charged on nominal damages.

Defendant's Anticipated Motions *In Limine*

1. Plaintiff should be precluded from offering defendant Rivelli's deposition testimony on his case-in-chief.
2. Plaintiff should be precluded from introducing exhibits of unrelated disciplinary allegations.
3. Plaintiff should be precluded from offering evidence concerning the fact that his wife is the former fiancée of Sean Bell.
4. Plaintiff should be precluded from offering testimony from Nicole Bell and Allah Brown as to the underlying incident and/or damages.
5. Plaintiff should be precluded from offering documents from the District Attorney's file, the Certificate of Disposition, and the Criminal Court action sheet because they are hearsay and will likely lead to jury confusion.
6. Plaintiff's counsel should be precluded from referring to defense counsel as "City Attorneys" and offering evidence of indemnification.
7. Plaintiff should be precluded from requesting a particular dollar amount at trial.
8. Plaintiff should be precluded from mentioning the NYPD Patrol Guide.
9. Plaintiff should be precluded from arguing that certain statements supporting a fair trial claim when the Court has previously ruled that they do not.

        SO ORDERED:

        HON. DIANE GUJARATI