UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X

JEMAL EARLE,

                                 Plaintiff,

                                         16-CV-171(DG)(RML)

                  -against-

                                   .

ANTHONY RIVELLI,

                                 Defendant.

---------------------------------------------------------------------- X

**DEFENDANT RIVELLI'S PROPOSED JURY
INSTRUCTIONS**

       Defendant Detective Anthony Rivelli, by his attorney HON. SYLVIA O. HINDS-

RADIX, Corporation Counsel of the City of New York, respectfully requests, pursuant to Rule

51 of the Federal Rules of Civil Procedure, that the Court give the following instructions to the

jury: [1]

---

[1] Defendant intends to rely on the defense of qualified immunity. As the Court in <u>Zellner v.
Summerlin</u>, 494 F.3d 344 (2d Cir. 2007), and <u>Stephenson v. John Doe</u>, 332 F.3d 68 (2d Cir.
2003) has held, the issue of qualified immunity is one for the Court to determine as a matter of
law. Thus, defendant respectfully submits that the jury should not be charged on qualified
immunity. Defendant also respectfully submits that special jury interrogatories may be used to
permit the jury to resolve the disputed facts upon which the Court can then determine, as a matter
of law, the ultimate question of qualified immunity. Defendant, therefore, respectfully requests
the opportunity to submit proposed special interrogatories and/or comment on any such special
jury interrogatories.

1

## PART I:  GENERAL INSTRUCTIONS [2]

### Duty of the Court

We are now approaching the most important part of this case, your deliberations. You have heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties.  Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations.  As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you.  Also, even if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

### Duty of the Jury

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts.  You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts you must rely upon your own recollection of the evidence.  None of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence.  Nor is anything I may have said evidence.

---

[2] Defendant respectfully notes that in addition to substantive instruction charges for the jury, he has also, in abundance of caution, submitted general instruction charges while being mindful that the Court may have its own preliminary and general instructions for use at trial.

The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and any stipulations of the parties that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted either here in court or in the depositions that were read into evidence.  Please remember that questions are never evidence; only answers are evidence.  However, at times, during the course of this trial, counsel for the plaintiff and defendant may have incorporated into their questions statements that they have asked the witness to assume as true.  If the witness denied the truth of these statements, and if no other evidence was introduced to prove the assumed fact was true, then you may not consider it to be true simply because it was contained in a lawyer's question.  On the other hand, if the witness acknowledged the truth of the statement, you may, of course, consider the witness's answer as evidence that the statement is in fact true.  Also, you may not consider any answer that I directed you to disregard or what I directed be stricken from the record.  Likewise, you may not consider anything you heard about the contents of any exhibit that was not received in evidence.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  Counsel also has the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All such questions of law must be decided by me.  You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

I also ask you to draw no inference from my rulings or from the fact that upon occasion I asked questions of certain witnesses.  My rulings were no more than applications of the law and my questions were only intended for clarification or to expedite matters.  You are expressly to understand that I have no opinion as to the verdict you should render in this case.

### Duty of Impartiality

You are to perform your duty of finding the facts without bias or prejudice or sympathy as to any party, for all parties are equal under the law.  You are to perform your final duty in an attitude of complete fairness and impartially.  You are not to be swayed by rhetoric or emotional appeals.

It must be clear to you that if you were to let prejudice or bias or sympathy interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict.  So do not be guided by anything except clear thinking and calm analysis of the evidence.  Your verdict will be determined by the conclusions you reach, no matter whom the verdict helps or hurts.

### Burden of Proof: Preponderance of the Evidence

As you know, this is a civil case.  In order to prevail in a civil case, a party who is making a claim against another party has what we call the "burden of proof," which is the burden of establishing each of the essential elements of the claim by a preponderance of the credible evidence.

Here, the party that is making a claim is the plaintiff, Jemal Earle.

In this civil trial, it is plaintiff's burden to establish each and every element of his claim by a preponderance of the credible evidence.  The "credible evidence" means such testimony, exhibits, or other evidence that you find worthy of belief.  To establish an element of

a claim by a preponderance of credible evidence means to prove that that element is more likely true than not true.  If plaintiff fails to prove, by a preponderance of the evidence, any element of his claim, then you must find for the defendants on that claim.

What does a "preponderance of the evidence" mean? A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is in balance or evenly divided between the parties – that is, it is equally probable that one side is right as it is that the other side is right -- or that the evidence produced by the party having the burden of proof is outweighed by evidence against his claim, then you must decide that issue against the party having the burden of proof, or the plaintiff in this case. That is because the party bearing the burden, in this case the plaintiff, must prove more than simple equality of evidence -- he must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with the burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of that party -- that what he claims is more likely true than not true -- then the element will have been proved by a preponderance of evidence.

### Direct and Circumstantial Evidence

In deciding whether a party meets its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly. It does not require any other evidence. It does not require you to draw any inferences. A witness's testimony is direct evidence when the witness testifies to what he/she saw, heard, or felt. In other words, when a witness testified about what is known from his/her own personal knowledge by virtue of his/her own sense, what he/she saw, touched, or heard – that is direct evidence. The only question is whether you believe the witness's testimony. A document or physical object may also be direct evidence when it can prove a material fact by itself, without any other evidence or inference. You may, of course, have to determine the genuineness of the document or object.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but that the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, people began walking in with wet umbrellas and, soon after, others walked in with wet raincoats.

Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of the facts about the umbrellas and the raincoats, it would be reasonable for you to conclude that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence and you can consider either or both, and can give them such weight as you conclude is warranted.

6

You are to consider all the evidence in the case, both direct and circumstantial, in determining what the facts are, and in arriving at your verdict.

### **Witness Credibility**

It must be clear to you by now that the parties are asking you to draw very different conclusions in the case.  An important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you.  Was the witness candid, frank, and forthright; or did the witness seem to be evasive or suspect in some way?  How did the way the witness testified on direct-examination compare with how the witness testified on cross-examination?  Was the witness consistent or contradictory?  Did the witness appear to know what he or she was talking about?  Did the witness strike you as someone who was trying to report his or her knowledge accurately?  These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias.  Does the witness have a relationship with any of the parties that may affect how he or she testified?  Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth?  Does the witness have some bias, prejudice or hostility that may cause the witness -- consciously or not -- to give you something other than a completely accurate account of the facts he or she testified to?  However, an interested witness is not necessarily less

credible than a disinterested witness.  The fact that a witness is interested in the outcome of the case does not mean that the witness has not told the truth.  It is for you to determine from the witness's demeanor on the stand and such other tests as your experience dictates whether or not the witness's testimony has been colored, intentionally or unintentionally, by the witness's interest.

You should also consider whether the witness had an opportunity to observe the facts he or she testified about, and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

If you find that any statement made by a witness was false, in whole or in part, you may disregard the particular part you find to be false or you may disregard the witness' entire testimony as not worthy of belief.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

## PART II: SUBSTANTIVE LAW[3]

In this action, plaintiff Jemal Earle brings claims for false arrest, malicious prosecution, denial of the right to a fair trial, excessive force, and First Amendment retaliation.  I will explain each of these claims to you shortly. Specifically, plaintiff alleges that on February 20, 2014, defendant Anthony Rivelli violated his constitutional rights by using excessive force against him and causing him to be unconstitutionally arrested and prosecuted. Defendant denies that he used excessive force and denies that plaintiff's arrest and prosecution were unconstitutional.

---

[3] Defendants reserve the right to include additional substantive jury charges at the time of trial.

8

To recover on any or all of plaintiff's claims against the defendant, plaintiff must prove by a preponderance of the evidence:

First, that the alleged incident happened as plaintiff claims, and that such conduct deprived the plaintiff of a right protected by the Constitution of the United States, and

Second, that the conduct of the defendant was the proximate cause of the injuries and damages sustained by plaintiff.

I will now explain to you these two elements that plaintiff must prove by a preponderance of the evidence:

### First Element: Deprivation of a Right

Turning to the first element of the plaintiff's claims against the defendant, that is, that he was deprived of a federal right, the plaintiff must prove each of the following by a preponderance of the credible evidence:

First, that the defendant committed the acts as alleged by the plaintiff;

Second, that those acts as alleged by plaintiff caused the plaintiff to suffer the loss of a federal right;

Third, that, in performing the acts alleged, the defendant acted intentionally or recklessly.

I will now explain each of these elements to you.

You must first determine whether the defendant committed the acts as alleged by the plaintiff. The law imposes liability only upon a defendant who "subjects, or causes to be subjected" any person to the deprivation of any federal right.

Second, if you determine that the defendant committed the acts as alleged by the plaintiff, you must determine whether those acts caused the plaintiff to suffer the loss of a federal right.

Third, the plaintiff must establish that the defendant acted intentionally or recklessly. An act is intentional if it is done voluntarily and deliberately, and not because of mistake, accident, negligence, or other innocent reason. An act is reckless if done in conscious disregard of its known probable consequences. In determining whether the defendant acted with the requisite state of mind, you should remember that, while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to rely on your understanding of what was done, what the people involved said was in their minds, and your belief or disbelief with respect to those facts and statements.

### Second Element: Proximate Cause

The second element which the plaintiff must prove by a preponderance of the credible evidence is that the defendant's acts were a proximate cause of the injuries sustained by the plaintiff. Proximate cause means that there must be a sufficient causal connection between a defendant's acts or omissions and an injury or damage sustained by the plaintiff.

A proximate cause need not always be the only cause either in time or space. There may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together to cause an injury.

Put another way, a defendant is not liable if the plaintiff's injuries were caused by conduct independent of the defendant's acts or omissions or if such conduct produced a result which was not reasonably foreseeable to the defendant.

As I told you earlier, plaintiff has brought claims for false arrest, malicious prosecution, denial of the right to a fair trial, excessive force, and First Amendment retaliation against the defendant. I'll now explain each of plaintiff's claims in more detail.

## FALSE ARREST

Plaintiff alleges that he was falsely arrested. Defendant denies this claim and asserts that there was probable cause to arrest plaintiff.

Federal law provides that no person may be arrested without probable cause.[4] Let me explain what "probable cause" means. Probable cause exists when, based on the totality of circumstances, an officer has knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested.[5] Defendant has the burden of proving the existence of probable cause. Whether probable cause existed depends upon the reasonable conclusions to be drawn from the facts known to the defendant at the time of the arrest of plaintiff.[6]

---

[4] Cook v. Sheldon, 41 F.3d 73, 78 (2d Cir. 1994).

[5] Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004).

[6] Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006).

Probable cause requires only the probability of criminal activity; it does not require an actual showing of criminal activity.[7]   In other words, the arrestee's actual guilt or innocence is irrelevant to the determination of probable cause.[8]   An arrest made with probable cause is lawful even if the plaintiff actually did not commit the crime.[9]   An officer need not have been convinced beyond a reasonable doubt that a criminal offense was being, had been or is about to be committed.   Thus, the ultimate disposition of the criminal charge against plaintiff, whatever it may have been, is irrelevant to this question.[10]

The existence of probable cause is measured at the moment of arrest, not based on later developments.[11]   You are not to view the question of probable cause from a position of calm, reflective hindsight, but from a position of how the circumstances appeared to the officers at the time.[12]   Because the existence of probable cause is analyzed from the perspective of a reasonable person standing in the officer's shoes, the actual subjective beliefs of the officer are irrelevant to the determination of probable cause.[13]   Once a police officer has a reasonable basis

---

[7] Ricciuti v. New York City Transit Auth., 124 F.3d 123, 128 (2d Cir. 1997).

[8] Michigan v. DeFillippo, 443 U.S. 31, 36 (1979); Pierson v. Ray, 386 U.S. 547, 555 (1967).

[9] Id.

[10] Pierson v. Ray, 386 U.S. 547, 555 (1967); Weyant v. Okst, 101 F.3d 845, 852 (2d. Cir. 1996).

[11] Taken from the instructions given by the Hon. Judge Lewis A. Kaplan in the case of Manigault v. Brown, 11 CV 4307 (LAK) (S.D.N.Y. – delivered on July 18, 2012).

[12] Taken from the instructions given by the Hon. Judge Lewis A. Kaplan in Manigault v. Brown, 11 CV 4307 (LAK); see also Maryland v. Pringle, 540 U.S. 366, 371 (2003).

[13] Whren v. United States, 517 U.S. 806, 812-813 (1996).

to believe there is probable cause to arrest, the officer is not required to explore or eliminate every theoretically plausible claim of innocence before making an arrest.[14]

The existence of probable cause is not measured by the strict standards required for a criminal conviction.  An officer need not have been convinced beyond a reasonable doubt at the time of an arrest that a criminal offense was being or had been committed.  Probable cause only requires a fair probability that an offense has been or is being committed.  There need not have been evidence proving each of the elements of the offense at the time the officer made the arrest.[15]

Moreover, it is not necessary that the officer had probable cause to arrest plaintiff for the offenses with which he eventually charged the plaintiff, so long as the officer had probable cause to arrest plaintiff for any criminal offense.  An arrest made with probable cause for any offense – whether charged or not – is lawful.[16]

Finally, you cannot take into account any perceptions you may have regarding defendant's underlying intent or motivation.[17]  Even if an officer acts with evil intentions, that officer will not have violated an individual's Fourth Amendment rights if he had probable cause

---

[14] Baker v. McCollan, 443 U.S. 137, 145-46 (1979); Panetta, 460 F.3d at 395.

[15] This paragraph has been taken from the instructions given by the Hon. Judge Lewis A. Kaplan in Manigault v. Brown, 11 CV 4307 (LAK) (citing Devenpeck v. Alford, 543 U.S. 146, 152-3 (2004); DeFillippo, 443 U.S. at 36; United States v. Ginsburg, 758 F.2d 832 (2d Cir. 1985).

[16] This paragraph has been adapted from the instructions given by the Hon. Judge Brian M. Cogan in the case of Spero v. Tudor, 11 CV 4850 (BMC) (E.D.N.Y. – delivered on October 11, 2012); see also Devenpeck v. Alford, 543 U.S. 146, 153 (2004).

[17] Spero.

under the circumstances.[18]   Conversely, even if an officer acts with good intentions, that officer will have violated plaintiff's Fourth Amendment right if, based on the circumstances, a reasonable police officer would not have thought that the plaintiff had committed or was about to commit a crime.[19]

The question for you to answer is whether the defendant proved, by a preponderance of the evidence, that he had probable cause to believe that plaintiff was committing, or had committed, any of the crimes of obstructing governmental administration in the second degree, harassment in the second degree, and disorderly conduct.  Bear in mind, however, that the issue for you is only whether defendant had probable cause for the arrest, not whether plaintiff was in fact guilty of any crime.[20]

A person is guilty of obstructing governmental administration in the second degree when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act.[21]

A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person: he strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same.[22]

---

[18] Id.

[19] Id.

[20] Annunziata.

[21] N.Y Penal Law § 195.05.

[22] N.Y Penal Law § 240.26(1).

A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof: He engages in fighting or in violent, tumultuous or threatening behavior.[23]

If you find that probable cause existed for any one of the crimes as I just described, then you must find in favor of the defendant with respect to plaintiff's false arrest claim. Keep in mind, you do not need to be unanimous as to which crime you find probable cause, only that you are unanimous that probable cause existed for any crime.[24]

## MALICIOUS PROSECUTION

Plaintiff has also brought a claim for malicious prosecution against the defendant. To establish a claim for malicious prosecution, a plaintiff must prove the following elements by a preponderance of the evidence: (1) that the defendant initiated the criminal proceeding against plaintiff, (2) that the criminal proceeding was terminated in plaintiff's favor, (3) that there was no probable cause for the commencement of the criminal proceeding, (4) that the defendant acted with actual malice in commencing the criminal proceedings against the plaintiff, and (5) that the plaintiff suffered a post-arraignment deprivation of liberty.[25] There is no dispute that the criminal proceeding was terminated in plaintiff's favor. The burden of proof is on the plaintiff to prove by a preponderance of evidence each of these elements.

(1) **Initiation of the Prosecution**

---

[23] N.Y. Penal Law § 240.20(1)

[24] This paragraph has been adapted from the instructions given by the Hon. Judge Brian M. Cogan in Spero, 11 CV 4850 (BMC).

[25] This instruction has been taken from the Jury Instructions given by the Hon. Paul G. Gardephe in Manuel Fana v. City of New York, et al., 15 CV 8114 (PGG) (S.D.N.Y. – delivered on June 8, 2018).

A defendant may be said to have initiated a criminal prosecution if the defendant (1) directed or required a prosecutor to prosecute, (2) gave the prosecutor, directly or indirectly, such as through the filing of a criminal complaint, information which the defendant knew to be false, or (3) withheld information that a reasonable person would realize might affect the prosecutor's determination whether to prosecute.   A defendant cannot be said to have commenced a criminal proceeding simply because he fairly and truthfully disclosed to the prosecutor all matters within his knowledge that a reasonable person would believe would be important to the question of plaintiff's guilt or innocence. If, however, you find that the defendant gave the prosecutor information that the defendant knew to be false, the defendant is responsible for initiating the prosecution.

To summarize, in order to prevail on his malicious prosecution claims, the plaintiff must prove by a preponderance of the evidence that the defendant commenced or initiated criminal proceedings against him.[26]

### (2) **Probable Cause**[27]

The third element that the plaintiff must prove by a preponderance of the evidence is that there was no probable cause to believe that the plaintiff was guilty of obstructing governmental administration in the second degree and disorderly conduct.

We are now discussing probable cause to initiate and continue a criminal prosecution.  I have previously discussed the issue of probable cause with regard to plaintiff's false arrest claim.  With respect to that claim, I instructed you as to whether the defendant had

---

[26] Taken from the Jury Instructions in Fana 15 CV 8114 (PGG).

[27] This instruction has been taken from the Jury Instructions given by the Hon. Allyne R. Ross in Reginald Johnson v. Robert Mayer, et al., 13 CV 7173 (ARR) (E.D.N.Y. – delivered on June 22, 2016).

probable cause to initially arrest the plaintiff.  Now we are talking about probable cause at a different period of time, and a different phase of the criminal proceeding.  We are now past the arrest stage and into the actual initiation of the prosecution.

The plaintiff must prove that the defendant acted without probable cause in commencing the criminal proceeding against him.  Whether probable cause existed depends upon whether a reasonably prudent person would have believed the plaintiff to be guilty of the crimes with which he was charged in the criminal complaint – obstructing governmental administration in the second degree and disorderly conduct – on the basis of the facts the defendant officer knew when he initiated the prosecution, or that they reasonably believed to be true.  The fact that the criminal charges were ultimately dismissed is not evidence that the officer lacked probable cause at the time the prosecution was initiated.

To determine whether a defendant had probable cause to initiate the criminal proceeding against plaintiff, you must consider the elements of the crimes with which he was charged, which I will now repeat:

A person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act. [28]

A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof: He engages in fighting or in violent, tumultuous or threatening behavior.[29]

---

[28] N.Y Penal Law § 195.05.

[29] N.Y. Penal Law § 240.20(1)

(3) **Malice**[30]

The fourth element plaintiff must prove by a preponderance of the evidence is that the defendant acted with actual malice in commencing the criminal proceedings against him. A prosecution is initiated maliciously if it is initiated for a purpose other than bringing an offender to justice, for some ulterior purposes other than to secure punishment for a crime, or in reckless disregard of the rights of the person accused. Malice may be inferred from a lack of probable cause, but only where probable cause was so totally lacking that no reasonable officer could have thought it existed.

(4) **Deprivation of Liberty**[31]

The final element plaintiff must prove by a preponderance of the evidence is that he suffered a deprivation of liberty after his arraignment. A plaintiff can satisfy this element by showing that he was required to appear in court on multiple occasions in connection with criminal proceedings initiated by the defendant.

**DENIAL OF A RIGHT TO A FAIR TRIAL**[32]

Plaintiff alleges that he was deprived of his right to a fair trial because the defendant fabricated evidence against him. To prove a violation of this right, plaintiff must prove, by a preponderance of the evidence, each of the following elements: (1) the defendant fabricated evidence, (2) the evidence was likely to influence a jury's verdict; (3) the defendant forwarded the evidence to prosecutor and/or the grand jury, (4) plaintiff suffered a deprivation of

---

[30] Taken from the Jury Instructions in Fana 15 CV 8114 (PGG).

[31] Taken from the Jury Instructions in Fana 15 CV 8114 (PGG).

[32] See This instruction has been adapted from the Jury Instructions given by the Hon. Carol Bagley Amon in Andrew Smalls v. Police Officer Collins, et al., 14 CV 2326 (CBA) (E.D.N.Y. – delivered on May 20, 2019).

liberty as a result, and (5) the underlying criminal proceeding was terminated in plaintiff's favor.[33]  If you find that plaintiff has failed to prove any of these elements, then you must find in favor of the defendant.

Evidence is fabricated if it is false.  A document is false if it is untrue when made and was known to be untrue when made by the person making it or causing it to be made. Fabricated evidence includes an officer's false account of his own observations of alleged criminal activity which led to an arrest.  Paperwork errors, or a mere mistake or mistakes, by a police officer in making a written record is not a basis for finding a constitutional violation. Similarly, an officer's opinions, conclusions or qualitative assessments are not a basis for finding a constitutional violation.

The manufacture of false evidence in and of itself does not impair anyone's liberty.  In order to find for plaintiff, you must find that the alleged fabrication was both material (i.e. likely to influence a jury's decision), and the proximate cause of the injury to the plaintiff's liberty interest (i.e., that he suffered a deprivation of liberty as a result of the alleged fabrication of evidence).  In the context of a fair trial claim, a person may suffer a liberty deprivation when he faces trial, is convicted, or is imprisoned.

Finally, a criminal proceeding is terminated in plaintiff's favor only if he can prove by a preponderance of the evidence that those proceedings terminated in a manner that affirmatively indicates his innocence.[34]  If you find that plaintiff has merely shown that the case

---

[33] This element was not included in the <u>Smalls</u> Jury Instructions because those were read prior to the Supreme Court's decision in <u>McDonough v. Smith</u>, 139 S. Ct. 2149 (2019).   In light of <u>McDonough</u> and <u>Lanning v. City of Glenn Falls</u>, 908 F.3d 19, 22 (2d Cir. 2018), the jury should now be charged as to this element.

[34] This instruction has been adopted from the Jury Instructions given by the Hon. Carol Bagley Amon in <u>Malcolm Hines v. Police Officer Larue, et al.</u>, 16 CV 6817 (CBA) (LB) (E.D.N.Y. –

against him was dismissed, without proof of the underlying reason for the dismissal, you must find that the case against him was not favorably terminated.  If, on the other hand, you find that plaintiff has proved that the underlying dismissal affirmatively indicates that he was innocent of the charged offenses, you must find that the case against him was favorably terminated.

### EXCESSIVE FORCE

The plaintiff alleges that the defendant violated his Fourth Amendment rights by using excessive force.  Defendant disputes plaintiff's version of events, and contends that his actions were justified, reasonable under the circumstances, and in accordance with the existing law.  Therefore, you must first determine whose version of events you believe.

In order to find for plaintiff on this claim, you must find three (3) things: first, that he suffered a physical injury; second, that the injury suffered was proximately caused by the intentional actions or conduct of defendant, and no one else, directed at the plaintiff; and third, that the amount of force used was in excess of what a reasonable officer would have used under similar circumstances.

Even if you find that there was some forcible contact between the plaintiff and the defendant, that mere fact would not be sufficient by itself to demonstrate that the defendant violated the plaintiff's constitutional rights.[35]   In fact, in restraining an individual or taking an individual into custody, a police officer is not constitutionally required to be courteous.  That means that "evil intentions" will not be considered excessive force if the force that was used was

---

delivered on September 18, 2019); see also Lanning v. City of Glens Falls, 908 F.3d 19, 29 (2d Cir. 2018).

[35] See Graham v. Connor, 490 U.S. 386, 396 (1989); Saucier v. Katz, 533 U.S. 194, 208 (2001); see also instructions given by Hon. Judge Robert P. Patterson in Butler v. Kibel, et al., 10 CV 7974 (S.D.N.Y. – delivered on February 17, 2012).

in fact reasonable.[36]   In other words, a police officer's good intentions will not make an excessive use of force permissible, and his bad intentions will not make a reasonable use of force excessive.[37]

Every person has the right not to be subjected to unreasonable or excessive force by a law enforcement officer.  On the other hand, an officer has the right to use such force as is necessary under a given set of circumstances.  You must determine: 1) whether there was any force used against the plaintiff; 2) if there was force used against the plaintiff, whether the force was used by the defendant; and 3) if the defendant used force against the plaintiff, whether the force was unnecessary, unreasonable, or excessively violent.  Force is unnecessary, unreasonable or excessively violent if the officer exceeded that degree of force which a reasonable and prudent law enforcement officer would have applied under the same circumstances.[38]  In determining whether the constitutional line has been crossed, you must analyze the totality of the circumstances.[39]  In making this determination, you may take into account such factors as the severity of the crime at issue, whether the plaintiff posed an immediate threat to the safety of the defendant you are considering or others, and whether the plaintiff actively resisted arrest or

---

[36] See Graham, 490 U.S. at 397; Anderson v. Branen, 17 F.3d 552, 559 (2d Cir. 1994); Kash v. Honey, 38 Fed. Appx. 73, 76 (2d Cir. 2002).

[37] Adapted from the instructions given by Hon. Brian M. Cogan in Ivan Kimbrough v. Detective John R. Nixon, et al., 10 CV 1088 (E.D.N.Y.); see also instructions given by Hon. Judge Andrew L. Carter in Thomas v. City of New York, et al., 09 CV 3162 (S.D.N.Y. – delivered on July 5, 2012).

[38] Adapted from the instructions given by Hon. Judge Donald E. Walter in Rocky Williams v. City of New York, et al., 01 Civ. 4146 (EDNY).

[39] Plumhoff v. Rickard, 134 S. Ct. 2012, 2020 (2014) (citing Graham, 490 U.S. at 396).

attempted to evade arrest by flight.[40]  Although the severity of plaintiff's alleged injuries is not determinative, it is relevant to the consideration of whether there was force used and, if so, whether the alleged force was reasonable.

Now the Constitution must not be trivialized, however, the use of force is not uncommon or unusual in the course of restraining an individual.  Not every push or shove by a police officer constitutes excessive force, even if it may later seem unnecessary in the peace and quiet of this courtroom.[41]  Minor scrapes, bumps or bruises potentially could occur, often unintended, during any arrest or stop and frisk, and an officer cannot be held liable for every such incident.[42]

You must allow for the fact that police officers are forced to work in circumstances that are tense, uncertain and rapidly evolving.  They must make split-second judgments about their actions and about the amount of force that is necessary in a particular situation.[43]  The question is only whether the officer's actions are objectively reasonable in light of all the facts and circumstances confronting him.  In this regard, you are not to decide if the

---

[40] Taken from the instructions given by Hon. Paul A. Engelmayer in Diaz, 14 CV 4716 (S.D.N.Y. – delivered on February 3, 2016).

[41] Graham, 490 U.S. at 396

[42] Adapted from the instructions given by Hon. Judge Barbara S. Jones in Pope v. Buttner, 10 CV 4118 (S.D.N.Y. – delivered March 7, 2012); and instructions given by Hon. Judge Andrew J. Peck in Tsesarskaya v. City of New York, et al., 11 CV 4897 (S.D.N.Y. – delivered on June 13, 2012).

[43] Taken from the instructions given by the Hon. Judge Tucker L. Melançon in Fryar v. Zhen, et al., 10 CV 5879 (E.D.N.Y. – delivered on September 21, 2011).

least amount of force was used but rather you are only to decide if the force that was used, if any, was reasonable.[44]

Because police officers are often forced to make split second judgments about the amount of force that is necessary in a given situation, the "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.[45]   You are not to consider the officer's underlying intent or motivation.[46]   I also instruct you that negligence does not violate the Fourth Amendment. Therefore, you should not consider whether or not the police officer may have negligently or carelessly created an otherwise objectively reasonable need to use force.[47]

Defendant denies that he subjected the plaintiff to excessive force.  Therefore, you must first determine whether the plaintiff has proven by a preponderance of the evidence that the acts alleged by him took place.  If your answers are no, then your deliberations are over and you must bring back a verdict for the defendant on this claim.  If your answers are yes, then in determining whether the acts of the defendant caused the plaintiff to suffer the loss of a federal right, you must determine whether the amount of force used was that which a reasonable officer would have employed under similar circumstances.

---

[44] Taken from the instructions given by the Hon. Judge Brian M. Cogan in Gilliard v. Kibel, et al., 10 CV 5247 (E.D.N.Y. – delivered on January 5, 2012); see also instructions given by Hon. Judge Fredric Block in Stanczyk v. City of New York, et al., 11 CV 0249 (E.D.N.Y. – delivered on March 19, 2013).

[45] See instructions given by Hon. Judge J. Paul Oetken in Choi v. Murdocco, 10 CV 6617 (S.D.N.Y. – delivered November 13, 2012).

[46] Graham, 490 U.S. at 396.

[47]  See Daniels v. William Sylvesters, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986); Coakley v. Jaffe, 2000 U.S. App. LEXIS 26073, at *2 (2d Cir. 2000); Solana v. New York City Dep't of Corr., 2012 U.S. Dist. LEXIS 161252, at *7 (E.D.N.Y. 2012) (ARR).

## FIRST AMENDMENT RETALIATION

The plaintiff alleges that the defendant arrested him on February 20, 2014 in retaliation for his exercising his First Amendment right to free speech.  In order to establish a claim for First Amendment retaliation, a plaintiff must show: (1) he has an interest protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by his exercise of that right; and 3) the defendant's actions effectively chilled that right.[48]  Probable cause is a complete defense to a First Amendment Retaliation Claim.[49]  Thus, if you find probable cause for plaintiff's arrest and prosecution of February 20, 2014, your inquiry ends here as to plaintiff's claim of First Amendment retaliation.

Should you not find that probable cause existed for the arrest or prosecution of plaintiff, then you should consider the three elements of a claim for First Amendment retaliation. As to the first element, it is possible to find some kernel of expression in almost every activity a person undertakes -- for example, walking down the street or meeting one's friends at a shopping mall -- but such a kernel is not sufficient to bring the activity within the protection of the First Amendment.[50]  Rather, the test for determining whether conduct is sufficiently expressive to implicate the First Amendment is whether an intent to convey a particularized message was present, and whether the likelihood was great that the message would be understood by those

---

[48] <u>Fana v. City of New York</u>, 15 CV 8114 (PGG), 2018 U.S. Dist. LEXIS 51579, at *42 (S.D.N.Y. Mar. 27, 2018).

[49] <u>Mozzochi v. Borden</u>, 959 F.2d 1174, 1179-80 (2d Cir. 1992).

[50] <u>Dallas v. Stanglin</u>, 490 U.S. 19, 25 (1989)

who viewed it.[51]  Plaintiff bears the burden of demonstrating that the First Amendment applies and he must advance more than a mere 'plausible contention' that his conduct was expressive.[52]

The second element of First Amendment retaliation requires that defendant's arrest of plaintiff was motivated by or the result of a substantial causal connection between plaintiff's exercise of protected First Amendment speech on February 20, 2014.  Plaintiff is required to specifically prove improper motivation of the defendant in order for him to succeed on the second element of his First Amendment retaliation claim.[53]  However, direct evidence of retaliatory intent is not required, and circumstantial evidence may be sufficient.[54]

The third element of a claim for First Amendment retaliation requires that plaintiff prove that his First Amendment rights were "chilled," in other words that defendant caused plaintiff to deter First Amendment activity.[55]  Plaintiff must prove that his First Amendment rights were actually "chilled."[56]  A subjective 'chill' is not sufficient; plaintiff must prove a specific present objective harm or a threat of specific future harm to satisfy the third element of a claim of First Amendment retaliation.[57]

---

[51] Church of the Am. Knights of the KKK v. Kerik, 356 F.3d 197, 205 (2d Cir. 2004).

[52] Church of the Am. Knights of the KKK v. Kerik, 356 F.3d 197, 205 (2d Cir. 2004).

[53] Fana v. City of New York, 15 CV 8114 (PGG), 2018 U.S. Dist. LEXIS 51579, at *44 (S.D.N.Y. Mar. 27, 2018).

[54] Fana v. City of New York, 15 CV 8114 (PGG), 2018 U.S. Dist. LEXIS 51579, at *42 (S.D.N.Y. Mar. 27, 2018).

[55] See Curley v. Town of Suffern, 268 F.3d 65, 73 (2d Cir. 2001).

[56] Curley v. Town of Suffern, 268 F.3d 65, 73 (2d Cir. 2001).

[57] Curley v. Town of Suffern, 268 F.3d 65, 73 (2d Cir. 2001).

25

If plaintiff fails to prove each of the three elements of First Amendment retaliation, your verdict must be for defendant on this claim.

## PART III:  DAMAGES

### General Instructions[58],[59]

If you find that the plaintiff has proved, by a preponderance of the evidence, all of the elements for any of his claims for relief, you must then decide the amount of damages that will fairly and reasonably compensate the plaintiff for those injuries sustained as a result of the violation of plaintiff's rights.

The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages.  You should not reach the issue of damages unless you find that the plaintiff has established liability on his claims.  Also, just because I give you instructions on damages does not mean that I have any opinion about liability.  It is for you alone to decide whether the defendant is liable to the plaintiff.

Should you decide that the plaintiff has proved a claim by a preponderance of the evidence, you must consider awarding two types of damages: compensatory damages and nominal damages. I will explain the law concerning each of these types of damages to you.

### Cautionary Instructions

I have a few cautionary instructions to give you before I discuss damages. First, even though I am going to instruct you on damages, it does not mean I have any opinion on whether or not the defendant should be held liable. Second, with respect to plaintiff's claims, you

---

[58] Adapted from MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.01.2 (2005 Supplement).

[59] Defendants reserve the right to include additional jury charges regarding damages at the time of trial.

may only award damages if he has proven liability according to the standards I have just set forth.

Damages must be based on evidence, not on speculation or sympathy, and you may only award damages for those injuries that plaintiff actually suffered as a result of the defendant's conduct. You cannot award a plaintiff damages for injuries suffered at the hands of others. The damages that you award must be fair compensation, no more and no less.  It is the plaintiff who bears the burden of proving damages by a preponderance of the credible evidence.  There are three types of damages you may consider: compensatory, nominal and punitive damages.

### Compensatory Damages

You may award compensatory damages only for injuries that plaintiff proves by a preponderance of the credible evidence were caused by the defendant's allegedly wrongful conduct.  The damages that you award must be fair compensation, no more and no less.  You may not award compensatory damages for speculative injuries, but only for those injuries that plaintiff has actually suffered or which are reasonably likely to be suffered in the future.

The purpose of compensatory damages is to make the plaintiff whole – that is, to compensate the plaintiff for the damage that he has proven by a preponderance of the credible evidence.

Moreover, you shall award actual damages only for those injuries that you find plaintiff has proven by a preponderance of credible evidence to have been the direct result of conduct by the defendant you have found liable.  That is, you may not simply award actual damages for any injury suffered by plaintiff — you must award actual damages only for those injuries that are a direct result of actions by the defendant, and that are a direct result of conduct by the defendant that was a violation of plaintiff's rights.

27

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.

Plaintiff may not recover for any injury that existed prior to the incidents at issue, or for any injury from which was suffered that was not caused by the violation of rights at issue here.  Actual damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial, and only on that evidence.

### Damages:  Multiple Claims

Plaintiff is entitled to only one recovery, if at all, sufficient to reasonably compensate him for his injuries.  I therefore instruct you that if you find that plaintiff has prevailed on more than one claim, you may not award additional compensatory damages for the same injury.  You should award an amount of compensatory damages equal to the total damages you believe will fairly and justly compensate plaintiff for the separate injuries he suffered.  But you should not compensate plaintiff for the same injury twice simply because you find a defendant liable for multiple claims.

### Nominal Damages[60]

---

[60] MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.03.1 (2005 Supplement).

28

If you return a verdict in the plaintiff's favor on his § 1983 claims but find that plaintiff failed to meet his burden of proving, by a preponderance of the credible evidence, that he suffered any actual injuries, then you must return an award of damages in some nominal or token amount, not to exceed the sum of one dollar.  Nominal damages are the law's way of recognizing that constitutional rights must be scrupulously observed, even when constitutional violations have not been shown to have caused actual injury.

Nominal damages may be awarded when the plaintiff has been deprived of a constitutional right but has suffered no actual damages as a natural consequence of that deprivation.  The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation.[61] Therefore, if you find that the plaintiff has suffered no injury as a result of a defendant's conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

## Punitive Damages[62]

Plaintiff also seeks punitive damages in this case.  If plaintiff has proven by the preponderance of the evidence that the defendant is liable, then you may, but you are not required, to determine whether the plaintiff is entitled to punitive damages.

In order to be entitled to punitive damages, you must find that the plaintiff has clearly established that the acts of the defendant causing the proven injury were wanton or showed a callous or reckless disregard for the rights of others.  The purpose of punitive damages

---

[61] Smith v. Wade, 461 U.S. 30, 52-56 (1983).

[62] Defendant maintains that the jury should not be instructed on punitive damages at this time.  Although defendant contends that, after hearing the evidence, the Court will determine that no rational jury could find punitive damages against the defendant in this case, defendant proposes the following language on punitive damages should the Court find that the charge is necessary.

is to punish shocking conduct and to set an example to deter others from the commission of similar offenses in the future.

However, punitive damages are not awarded as a matter of right but are awarded only if you find that plaintiff has clearly proven that the defendant acted so outrageously and evidenced such a degree of malice or callousness that an example and deterrent needs to be provided to assure that the defendant and others will be less likely to engage in such conduct in the future.

If you do decide to award punitive damages, the amount of punitive damages should be reasonable and should be proportionate only to the need to punish and deter.[63]

### Attorneys' Fees

Federal law provides for an award of attorneys' fees to a plaintiff when he or she prevails in a civil rights action.  The award of attorneys' fees is a matter to be determined by the Court.  Accordingly, if you award any damages to plaintiff, including nominal damages, you should not take into consideration the fees that plaintiff may have to pay his attorneys.

---

[63] Smith v. Wade, 461 U.S. 30, 52-56 (1983).

## **Damages: Final Word**

Again, let me repeat that the fact that I have instructed you as to the proper measure of damages should not be considered as intimating that I have any view as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are required to be given for your guidance in the event you should find that any actual damages were proved by a preponderance of the evidence by plaintiff in this case according to the instructions I have given to you.

## PART V:  CLOSING INSTRUCTIONS

I have now outlined for you the rules of law applicable to this case, the process by which you weigh the evidence and determine the facts, and the legal elements which must be proved by a preponderance of the evidence.  In a few minutes you will retire to the jury room for your deliberations.  I will now give you some general rules regarding your deliberations.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be.  That is entirely for you to decide.

By way of reminder, I instruct you once again that it is your responsibility to judge the facts in this case from the evidence presented during the trial and to apply the law as I have given it to you.  Remember also that your verdict must be based solely on the evidence in the case and the law.

### a.  Foreperson

In order for your deliberations to proceed in an orderly fashion, you must have a foreperson.  The custom in this courthouse is for Juror No. 1 to act as the foreperson.  However, if, when you begin your deliberations, you decide that you want to elect another foreperson, you are entitled to do so.  The foreperson will be responsible for signing all communications to the court and for handing them to the marshal during your deliberations, but, of course, his or her vote is entitled to no greater weight than that of any other juror.

### b.  Communication with the Court

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching this case.  There is only one exception to this rule.  If it becomes necessary during your deliberations to communicate with me, you may send a note, through the marshal, signed by your foreperson.  No member of the jury should

attempt to communicate with me except by a signed writing, and I will never communicate with any member of the jury on any subject touching upon the merits of the case other than in writing, or orally here in open court.

### c.  Juror's Recollection Governs

Your recollection governs – no one else's.  If, in the course of your deliberations, your recollection of any part of the testimony should fail, or you should find yourself in doubt concerning my instructions to you on the law, you may return to the courtroom for the purpose of having such testimony or instructions read back to you.  Again, you may make such a request by a note to a marshal.  I suggest, however, that you be specific to avoid hearing testimony you do not desire to assist in your deliberations.  Tell me as best you can precisely what you want to hear and be patient because it sometimes takes a while to find the testimony in the record.

During the trial certain items were received into evidence as exhibits.  If, after you have begun your discussions on the case, you think it would be helpful to have any of the exhibits with you in the jury room, you may make the request by a note to the marshal and I will send the exhibits in to you.

### d.  Deliberations and Unanimous Verdict

Your duty is to reach a fair conclusion from the law and the evidence.  It is an important one.  When you are in the jury room, listen to each other, and discuss the evidence and issues in the case amongst yourselves.  It is the duty of each of you, as jurors, to consult with one another, and to deliberate with a view toward reaching agreement on a verdict, if you can do so without violation your individual judgment and conscience.  While you should not surrender conscientious convictions of what the truth is and of the weight and effect of the evidence, and while each of you must decide the case for yourself and not merely acquiesce in the conclusion

of your fellow jurors, you should examine the issues and evidence before you with candor and frankness, and with proper deference to, and regard for, the opinions of your fellow jurors.

You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced they are wrong.  However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict.

The decision you reach must be unanimous; you must all agree on every entry on the verdict sheet.

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict.  Do not indicate what the verdict is.  In *no* communication with the court should you give a numerical count of where the jury stands in its deliberations.

Remember in your deliberations that the dispute between parties is, for them, no passing matter.  They and the Court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you.  By doing so, you carry out to the fullest your oaths as jurors to well and truly try the issues of this case and a true verdict render.

I will ask you to wait for a few moments while I discuss with counsel whether there is anything further on which you need to be instructed.

Dated:  New York, New York
       April 18, 2023

                                         HON. SYLVIA O. HINDS-RADIX
                                         Corporation Counsel of the City of New York
                                         *Attorney for Defendant Anthony Rivelli*
                                         100 Church Street, 3rd Floor
                                         New York, New York 10007
                                         Tel: (212) 356-3539

                                    By:            /s/

                                         John Schemitsch
                                       *Senior Counsel*